[No. 3,563.]

## W. S. M. ANDERSON *v.* JOHN RIDER.

SHERIFF'S DEED FOR TAXES. — A Sheriff's deed made under a sale for a tax, in pursuance of a judgment enforcing the lien of the tax, is not void because the property sold, being several lots in a city, was assessed *in solido*, and not each lot separately.

IDEM.—Such deed is not void because the purchase money at the tax sale was not paid to the Sheriff until some time after the sale, provided the Sheriff accepted of it.

DEED FOR LATEST TAX THE BEST.—A title acquired by a Sheriff's deed, in pursuance of a sale for a delinquent tax, will prevail over a title acquired by a similar deed for the tax of a previous year, even if the sale for the oldest tax was made after the sale for the later tax.

APPEAL from the District Court, Sixth Judicial District, County of Sacramento.

Ejectment to recover lots five, six, seven, and eight, in the block between A and B and Seventeenth and Eighteenth streets, in the City of Sacramento. On the 3d day of August, 1868, a judgment was rendered enforcing a lien on the demanded premises for the tax of 1867. An order of sale was issued, and the premises were sold by the Sheriff on the 28th day of September, 1868. The purchase money was not paid to the Sheriff until the 13th day of January, 1869. The plaintiff relied on the Sheriff's deed made under this sale on the 14th day of July, 1869.

On the 1st day of July, 1868, the Court rendered a judgment enforcing a lien on the demanded premises for the tax of 1866. An order of sale was issued on this judgment, and the property was sold on the 24th day of May, 1869, and the Sheriff's deed was made December 30th, 1869. John W. Watt held the title under the Sheriff's deed, in pursuance of this sale. The plaintiff recovered judgment, and the defendant appealed.

The other facts are stated in the opinion.

*S. Solon Holl*, for Appellant.

The statute provides (Stats. 1861, p. 424, Sec. 20,) that real estate shall be assessed, if situate within the limits of any city or incorporated town, by describing lots and fractions of lots. In speaking of a similar section in the Act of 1857, this Court says, in *Terril* v. *Grove*, 18 Cal. 150: "We

think the true meaning of the provision is to require a separate assessment and valuation of each lot in cases like this of city property." In that case this Court held a tax deed void because the lots had been put up and sold together for the aggregate amount of the taxes. So upon this point, that case and the one at bar are identical. The fact that the sale declared void in the case of *Terril* v. *Grove,* is made upon the assessment roll alone, and the one under consideration upon a judgment, has not escaped us; but the ulterior fact remains, viz: that the assessment of taxes for which the property was sold to plaintiff, was, in fact, absolutely void; or, in other words, no taxes were assessed against said property, and there being no taxes, there could be no delinquency, and no obligation or liability upon any person to pay them. (*Moss* v. *Shear,* 26 Cal. 46.) It follows from this that. the owner of this property could not have been divested of the title thereto by reason of non-payment of taxes.

The deed from the Sheriff to the plaintiff for the demanded premises is void, because the purchase money was not paid until three months and fifteen days after the sale. The purchase money must be paid before ten o'clock A. M. on the following day. (Rev. Act. 1857, Sec. 17; Stats. 1857, p. 332; Practice, Sec. 224; *Kohler* v. *Hays,* 5 Cal. 66.) Blackwell, in his work on Tax Title, (p. 278), lays down the rule thus : " The sale must be for cash. If credit be given to the purchaser, it is absolutely void." On page two hundred and seventy-nine of the same work this rule is modified, and a distinction is there taken between a case where the credit was agreed upon before the sale and a case where the officer simply acquiesces in the non-payment. The distinction made by the author rests upon the case of *Longfellow* v. *Quimby,* 29 Me. 196. But that case is no authority for such a distinction, at least under our statute. There, it seems, the officer became liable to his superior, and the result was a matter between him and the purchaser; and

the author's comment shows that the exception applies only where the officer becomes liable to his superior for the purchase money. This is not the case under our statute; for, whether section seventeen of the Act of 1857, or the provisions of the Practice Act, apply to the sale of property for delinquent taxes, the property in either case is to be resold, if the purchase money is not paid. The certificate of purchase shall not issue until the purchase money is paid. (Act of 1857, Sec. 18.) If the Sheriff can extend the time for three months, why not for three years, or indefinitely, and thus defeat the revenue law entirely? It is a necessity, as well as the policy of the Government, to collect her revenue promptly. (*Donnell* v. *Bellu,* 10 Casey, Penn. 306; *Donnell* v. *Bellu,* 10 Barr, 341; *Donnell* v. *Bellu,* 1 Jones, 341; 14 Wisconsin, 74; 16 Annual Louisiana, 142.)

*P. Dunlap,* for Respondent, argued that the judgment could not be impeached in a collateral action, and cited *Hahn* v. *Kelly,* 34 Cal. 391. He also argued that a sale on a junior lien for taxes, cut off former liens, and vested a title in the purchaser, free from any former lien.

By the COURT :

The point made by the defendant, that the judgment, order of sale, and Sheriff's deed under which the plaintiff deraigns title, are void, because it appears by the judgment that several city lots were assessed *in solido,* and not each separately, cannot be maintained. The precise point was decided, and we think correctly, in *Mayo* v. *Foley,* 40 Cal. 282. Nor was the Sheriff's deed void because the purchase money was not paid until several months after the sale. There was no proof that there was any stipulation for credit

CAL. REPS. XLVI—18

between the Sheriff and the purchaser, or that it was not a cash sale. If the purchase money was not promptly paid, the Sheriff might have resold the property at the risk of the purchaser; but the mere fact that some delay occurred in the payment of the purchase money, which was accepted by the Sheriff, does not vitiate the sale and render the deed a nullity. (Blackwell on Tax Titles, 279; *Longfellow* v. *Quimby,* 29 Maine, 196.) The defendant also relied upon an outstanding title as a defense to the action. But this title was derived through a sale for delinquent taxes for the fiscal year of 1866, whilst the plaintiff's title is founded on a sale for taxes for the year 1867. In such cases it is clear that the title acquired under a tax sale for taxes of a subsequent year must prevail over a title founded on a sale for the taxes of a previous year. It was incumbent on the purchaser at the sale for the taxes of 1866 to see that the taxes of 1867 were paid; and his title is unavailing, as against a title acquired through a sale for the taxes for the latter year. But the judgment for damages must be modified. The Court finds the value of the rents to have been fifteen dollars per annum, and the Sheriff's deed to the plaintiff was made in July, 1869, about two years and a half before the trial. The damages awarded by the judgment are sixty dollars, whereas they ought to have been for thirty-seven dollars and fifty cents, or at the rate of fifteen dollars per annum for two and a half years.

Judgment affirmed, except as to the damages, and cause remanded, with an order to the Court below to modify its judgment in accordance with this opinion.