(86 App. Div. 224.)

### CITY OF ROCHESTER v. KAPELL et al.

(Supreme Court, Appellate Division, Fourth Department. July 7, 1903.)

1. TAXATION—SALE OF LAND—TITLE OF PURCHASER.

Laws 1884, p. 102, c. 107, makes it the duty of the county treasurer to collect all unpaid taxes on lands levied for state or county purposes, and provides for a sale of the lands. Section 9 declares that, if there be no redemption from the sale within two years, the treasurer shall execute to the purchaser a conveyance of the property, "which, when perfected, * * * shall vest in the grantee an absolute estate in fee, subject, however, to all claims which the people of the state may have thereon for taxes," etc. Held, that all liens for taxes, whether state, county, town, or city, are preserved.

Appeal from Special Term, Monroe County.

Action by the city of Rochester against George A. Kapell, impleaded, etc. Judgment for plaintiff. The defendant named appeals. Affirmed.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and HISCOCK, JJ.

J. P. Varnum, for appellant.
William A. Sutherland, for respondent.

WILLIAMS, J. The judgment, so far as appealed from, should be affirmed, with costs. The action was brought to foreclose a tax lien, under section 104 of the charter of the city of Rochester. The judgment contained provisions to the effect that the sale of the premises should be free and clear of an alleged lien for county taxes, belonging to the appellant defendant, and from these provisions the appeal is taken. The facts, briefly stated, are: In the year of 1899 a city tax of $11.09 was levied against the property in question. December 14, 1899, the property was sold for the nonpayment of this tax, and was bid in by the city. There was no redemption from the sale, and January 7, 1903, the mayor made and filed his certificate of the sale in the county clerk's office. This action was to foreclose the lien acquired under that tax and sale. In 1901 a state tax of $1.72 was levied by the county of Monroe against this property. August 19, 1902, the property was sold for the nonpayment of this tax and was bid in by the appellant defendant. The county treasurer gave him a certificate of such sale. This is the lien in question here. At any time within two years after the sale, redemption may be had, as provided in section 8, c. 107, p. 102, Laws 1884. If there be no redemption within the two years, the county treasurer, pursuant to section 9, will execute to the purchaser a conveyance

of the property, "which [in the language of the statute] when perfected in the manner hereinafter provided, shall vest in the grantee an absolute estate in fee, subject, however, to all claims which the people of the state may have thereon, for taxes, or other liens or incumbrances." All the rights claimed by the appellant here arise under the provisions of this section. The question is as to the effect of the deed which he will be entitled to as purchaser under the county sale. The tax for the nonpayment of which the sale to appellant was made was a state tax, to be collected by the county, and it is claimed that the only tax liens which are preserved under the language of this section are pure state taxes. This, we apprehend, is too narrow a construction of the language of the section, "all claims which the people of this state may have thereon for taxes," etc. The source of all power to tax within the state, whether by the state, the city, the town, or the county, is the Legislature. The Legislature has the right to provide for the protection of all such taxes. The policy of the law is to insure the collection of all taxes. We must assume the Legislature intended no conflict between the systems of taxation provided by it for the several political divisions above referred to. It could not have intended that a sale for taxes by one division should cut off and nullify sales made by other divisions for their taxes. The more reasonable construction of this section is one that preserves all liens for taxes, whether state, county, town, or city. All these political divisions represent the people of the state, and their taxes are all claims of the people of the state. This construction, in effect, results in the principle that no individual can secure a perfect title to real property purchased upon tax sales without paying all taxes thereon imposed by any political subdivision of the state. This is a reasonable and salutary doctrine. Wells v. Johnston, 55 App. Div. 484, 67 N. Y. Supp. 112, affirmed 171 N. Y. 324, 63 N. E. 1095; People ex rel. Atkins v. Buffalo, 63 App. Div. 563, 68 N. Y. Supp. 409, 71 N. Y. Supp. 1145.

The result of these views is that the judgment and order so far as appealed from should be affirmed, with costs. All concur.