HARRY P. FOX, Also Known as H. P. FOX, Plaintiff, *v.* LUCY A. BARR and Others, Defendants.

Supreme Court, Nassau County, November 28, 1939.

*Edward J. Ledogar*, for the plaintiff.

*James L. Dowsey, County Attorney* [*Eugene Hurley* of counsel], for the defendant County of Nassau.

*Samuel M. Levy*, for the defendant Incorporated Village of Freeport.

CUFF, J. This is an action to foreclose a tax certificate issued by Nassau county for State, county, town and school taxes for 1931. Plaintiff also seeks to recover the 1932, 1933, 1934 and 1935 town taxes and the 1934 school tax paid by him.

(Action on this case was suspended because at the time when it was tried there was pending before the Appellate Division of this department two appeals involving the identical question of priority of tax liens between county and village tax liens and this court determined to await the pronouncement of the Court of Appeals on the subject, to which court it was said the cases would be taken. We now have the benefit of that ruling.)

The facts are admitted. Plaintiff is entitled to judgment. Issues are raised by reason of conflicting claims advanced by the respective parties for priority of payment out of the proceeds of the sale. Defendant County of Nassau asserts antecedence for its taxes over all others. Defendant Village of Freeport challenges that stand and maintains that its taxes are on a parity with the county. In a proceeding of this nature the court has power to determine the disposition of the proceeds of the sale. (Laws of 1919, chap. 154, § 97.)

The plea of the county of Nassau for a preference of payment must be denied. A county tax enjoys no priority over a village tax or assessment, except in a given year and then only as a consequence of the different dates of the year upon which respective taxes become a lien. (*County of Nassau* v. *Lincer*, 254 App. Div. 746; affd., 280 N. Y. 662; *Incorporated Village of Garden City* v. *Roeder*, 254 App. Div. 747; affd., 280 N. Y. 663; *Hart* v. *Von Rotheim*, 209 App. Div. 904.)

It follows that county and village taxes are on a parity.

A further question is presented. The plaintiff and county of Nassau claim that the judgment to be entered should provide for the discharge of tax liens by beginning, in point of time, with the latest tax levied and working backwards toward the earliest impost. With great frequency during the oral argument and in the briefs, the county attorney used the expression, " The last tax is the best tax," suggesting that a maxim expressed by those words exists in the jurisprudence of this State.

The court has been assured that the practice not only in the courts but in tax offices, which is of long duration and State-wide scope, demands, when distributing the proceeds of sale, that the inverse order of payment be followed. It is with timidity that this court approaches a determination which has for a result the upsetting of any well-established rule in tax matters. If, therefore, any just basis sustaining the alleged time-honored custom can be found, there should be and will be no disturbance of that which has been done heretofore with such alleged regularity.

No statute or case has been furnished for the " last shall be first " doctrine, although the court called especially for such authorities. Blind precedent seems to be the chief support for the alleged rule.

Logically, the funds should be disbursed by discharging the earliest tax lien first and paying off the others in chronological order. Why that has not been done in the past is not clear and remains unexplained. It may be that the inverse order of payment was invoked by some litigants in time gone by who were interested in having the last tax paid first and that such procedure was born and has been continued because no one in the first instance or since protested. The judgments in these cases are ordinarily entered on default. Resistance, if any, is directed against irregularities in the tax sale and kindred questions — never, as far as I can find, to the order of disbursing the proceeds of sale. Rarely is the question of order of payment important because the sum, if any, realized on such sales is ordinarily nominal.

It does not seem that this asserted precedent — the last tax is the best tax — has been subjected to the test of vigorous litigation. It is not a recognized legal principle. I repeat, no authority except possible lapse of time and questionable usage has been submitted to support it. The cases cited in the county's brief (*Mongaup Valley Co., Inc.*, v. *Orange Rod & Gun Club, Inc.*, 253 App. Div. 465, and *Pickell* v. *City of Utica*, 161 id. 1) are not in point.

On the contrary, there is authority for the chronological order of payment. (See the judgment of reversal entered in *Incorporated Village of Garden City* v. *Roeder, supra;* Record on Appeal, fol. 298.)

Counsel for the county dismisses that case as an authority against his position, by saying that the point was not litigated; that no one paid attention to the form of judgment entered thereon because the question at issue was priority of county taxes over village taxes and that the amount of the proceeds of the sale was so small (about $190) that it made no difference, after costs, etc., were deducted, to whom the remainder, if any there was, went. The county attorney maintains that the Court of Appeals did not approve the order of payment as set forth in said judgment when it passed upon that appeal.

The printed record in that case (*Incorporated Village of Garden City* v. *Roeder, supra*) will be referred to. The trial was in the County Court of Nassau county. A judgment had been entered there holding that county tax liens were superior to village tax liens. The Appellate Division on appeal reversed that judgment " in so far as it denies plaintiff's motion for final judgment and directs entry of a final judgment adjudging that the tax liens of the county of Nassau are superior and prior to the tax liens of the village of

Garden City." (254 App. Div. 747.) An order of reversal was entered. (Appellate Division order dated May 6, 1938, same Record on Appeal, fol. 289.) A judgment of reversal was entered May 18, 1938, by the Nassau County Court. (Record on Appeal, fol. 298.) That judgment provided for payment of tax liens in chronological order — the earliest tax first. (Record on Appeal, fol. 316.) The county of Nassau carried its appeal to the Court of Appeals. Its notice of appeal, in part, read: " Please take notice, that the defendant, County of Nassau, hereby appeals to the Court of Appeals from the *judgment* of the County Court of Nassau County *entered May 18, 1938.*"* (Record on Appeal, fol. 284.) The appeal, therefore, was from the judgment that distributed the proceeds of sale in chronological order. In the recital of facts preceding the decision of the Court of Appeals on the appeal from the Appellate Division above referred to, appears the following: " The judgment [May 18, 1938] entered on its [Appellate Division] order provided for the disposition of the proceeds of the tax [evidently means foreclosure] sale in the manner requested by the village as stated above." (*Incorporated Village of Garden City* v. *Roeder*, 280 N. Y. 663, 664, 665.) The " request " of the village was for payment in chronological order. (See same recital preceding decision in *Incorporated Village of Garden City* v. *Roeder, supra.*)

Turning to the brief filed in the Court of Appeals by the county attorney on that appeal we find the following: " The village appealed to the Appellate Division, which reversed the County Court *and fixed the respective priorities of the various taxes in the order for which the village contended. This order was the order of time in which the taxes became liens upon the premises.*"* (Appellant's brief in the Court of Appeals, p. 3.) Again, on the same page, referring to the judgment appealed from, it reads: " The lien to be paid first was that of the village for 1923 taxes * * * *and so on in chronological order.*"* (Appellant's brief, p. 3.) In the first error assigned by the county attorney he claims " Under the General Tax Law *the last tax levied is the paramount tax.*"* (Appellant's brief, p. 4.) Assignment of error 4 declares in part: " It was not intended to create a new and different order of priority not prevailing elsewhere in the State." (Appellants' brief, p. 4.) Thus in two of the four errors assigned in the *Incorporated Village of Garden City* v. *Roeder* case (*supra*), on the appeal to the Court of Appeals, as well as in his brief, the county attorney, it seems to me, raised the question of order of payment. Even the very arguments now advanced (that the last tax is the best tax; that such a theory obtains through-

* Italics occurring in each instance in this memorandum were supplied by the writer.

out the State and for that reason it should not be altered), were projected on that appeal. Under point II of the county's brief there is this observation: "In the case of tax liens, however, the 'last shall be first and the first last.' The general and universal rule is that in proceedings in rem to enforce the payment of taxes the last levied and sought to be enforced is superior and paramount to the lien of all other taxes, claims or titles." (Appellant's brief, p. 10.)

It might be noted that no authority is found in the brief of the county attorney on that appeal in support of the alleged inverse order rule. The Court of Appeals affirmed the Appellate Division in the *Incorporated Village of Garden City* v. *Roeder* case (*supra*) in the following language: "Judgment affirmed, without costs; no opinion."

I do not believe that the Court of Appeals when it affirmed the judgment which provided for chronological order of payment did so without having given due consideration and full weight to the urgings of the county attorney importuning it to hold with respect to the order of disbursing the proceeds of sale, that the last tax should receive the first consideration.

As a rule or precedent binding upon the court the theory that "The last tax is the best tax" is non-existent. The inverse order of payment, a creature, it seems, of defaults, defies common sense. More than that, it is an unjust practice. It directs the payment of money to the latest tax lien holders at the expense of the earliest tax lien holders, for seldom are the proceeds of sale sufficient to discharge all tax liens. Chronological order is the natural order. Without good authority for so doing, it should not be set aside in favor of some other order. In this case no such authority has been submitted. Chronological and not inverse order should be followed in allotting the proceeds of sale in tax foreclosure cases.

Judgment for plaintiff. Order of payment will follow the order found in the judgment dated May 18, 1938, in *Incorporated Village of Garden City* v. *Roeder* (*supra*).