CARODIX CORPORATION, Plaintiff, *v.* MARY FLAHERTY and Others, Defendants.*

County Court, Monroe County, May 8, 1940.

*William S. Zielinski,* for the plaintiff.

*Remington & Remington,* for the defendants Robert Wadhams and Charles Wadhams.

VAN DUSER, J.   The defendants Robert Wadhams and Charles Wadhams are owners of two tax sale certificates bearing dates August 20, 1926 and 1928, representing the sale of property described in the complaint for the unpaid county taxes for the years 1926 and 1927, respectively.   In this action the plaintiff is seeking to foreclose under certificates, of which it is the sole owner and holder, by virtue of tax sales held on the 20th days of August, 1935, 1936 and 1937 for the unpaid county taxes for the years 1934, 1935 and 1936.

The defendants Wadhams by this motion ask for judgment on the pleadings and a decree adjudging that their liens are superior to those of the plaintiff.   In my opinion the motion must be denied. It seems to me that the case of *City of Rochester* v. *Kapell* (86 App. Div. 224; affd., 177 N. Y. 533) is decisive of the question and is controlling upon this court.   In that case it was held by Mr. Justice NASH (see printed record on appeal) that a 1901 county tax sale certificate was a prior lien to a 1900 and 1899 county tax sale certificate, which in turn took precedence over a 1897 county tax sale certificate, and which last-mentioned county tax sale certificate took precedence over a 1896 county tax sale certificate.   The decision of Mr. Justice NASH was affirmed by the Appellate Division and the Court of Appeals.

---

* See. also, *Village of Babylon* v. *South Shore Thrift Corp.* (174 Misc. 738).

The authority of the *Kapell* case was recognized by Mr. Justice LOVE in his decision in the case of *Village of East Rochester* v. *Dygert* (unreported, dated Sept. 27, 1939), although the question of the rights as between two individuals purchasers of county tax sale certificates was not directly involved therein.

I do not agree with counsel that the Court of Appeals decided the question in the case of *Village of Garden City* v. *Roeder* (280 N. Y. 663), despite the opinion to the contrary in *Fox* v. *Barr* (172 Misc. 1054). The decision of the Court of Appeals in the *Garden City* case was without opinion, and was decisive only, as far as I can see, of the proposition that a county tax lien purchased by the county was not superior to, and did not have priority over, a village tax lien purchased by the village, except that the county tax in any given year takes precedence over the village tax in that year as a consequence of the different dates of the year on which these respective taxes become a lien. This holding was to the same effect as held by Mr. Justice LOVE in the *East Rochester* case referred to above.

Motion of the defendants Robert Wadhams and Charles Wadhams is denied, with ten dollars costs.

Submit order.