MARY E. W. FIELD, as Executor, etc., of CHARLES H. WILTSIE, Deceased, Appellant, v. DOMINICK STALICA, Widower, Individually and as General Guardian of JOSEPH STALICA and Others, Infants, and Others, Defendants, Impleaded with UNION PROPERTIES, INC., and CENTRAL NATIONAL BANK OF CLEVELAND, Appellants, and VILLAGE OF DEPEW and COUNTY OF ERIE, Respondents.

Fourth Department, May 14, 1941.

*J. Neil Mahoney*, for the plaintiff-appellant.

*Morris Weinstein* [*Philip Halpern* of counsel], for the defendants-appellants.

*Paul J. Batt, County Attorney* [*Maurice J. Rumizen* of counsel], for the respondent County of Erie.

*Harold P. Kelly*, for the respondent Village of Depew.

*Selwyn R. Mack*, for the Village of East Aurora, *amicus curiæ*.

*Andrew, Sherwood & Viehe* [*Frederick T. Sherwood* of counsel], for the Village of Hamburg, *amicus curiæ*.

HARRIS, J. This action was commenced on the 8th day of June, 1940, under sections 32-a to 32-f of the Erie County Tax Law, to foreclose a certificate of tax sale held by the plaintiff which certificate covered certain premises in the village of Depew, Erie county, N. Y.; the certificate number 14984 was sold at the Erie tax sale of 1928 to one Wiltsie and by mesne assignments subsequently became the property of the plaintiff in her capacity as executor. Those defendants referred to as infants became of age prior to the commencement of action and neither they nor any other defendants answered the complaint herein. Under date of September 6, 1940, the Erie County Court referred the matter to Charles W. Pooley, Esq., as referee, for hearing and report to the court. The sole issue before such referee was whether or not the certificates of sale for tax liens outstanding against the premises described in the complaint were liens against the premises in the chronological order of priority as to date of assessment or in the inverse order of dates of the assessment of the taxes which culminated in certificates of sale. The referee held that priority lay in the chronological order of the assessment of the taxes. On motion for confirmation of the report of the referee the County Court held that priority should be in the inverse order of dates of assessment of the taxes and it is from the judgment entered on such decision of the County Court that the appellants herein appeal to this court. The liens as described in the complaint set forth in the order determined by the County Court in this judgment are as follows (owner, sale and amount are given in that order):

Village of Depew, village tax 1940, $39.60; county of Erie, county tax 1940, $64.89; village of Depew, village 1939, $31.23; county of Erie, county 1939, $88.36; village of Depew, village

1938, $35.11; county of Erie, county 1938, $94.04; village of Depew, village 1937, $39.76; county of Erie, county 1937, $86.11; village of Depew, village 1936, $46.73; county of Erie, county 1936, $92.74; village of Depew, village 1935, $55.43; county of Erie, county 1935, $99.36; village of Depew, village 1934, $55.81; county of Erie, county 1934, $111.94; village of Depew, village 1933, $52.52; county of Erie, county 1933, $130.38; village of Depew, village 1932, $58.96; county of Erie, county 1932, $128.35; village of Depew, village 1931, $65.19; county of Erie, county 1931, $135.13; village of Depew, village 1930, $67.34; Central National Bank of Cleveland, county 1930, $151.01; village of Depew, village 1929, $65.73; village of Depew, village 1928, $57.66; plaintiff, county 1928, $231.25; village of Depew, village 1927, $59.13; Union Properties, Inc., county 1927, $57.12.

The certificates held by the various parties to this action are for the tax and the amount noted after each respective name.

The practice followed by the County Court in adopting the inverse order of priority was that followed ordinarily in tax certificate foreclosures in the county of Erie and State of New York. It is unquestioned that similar foreclosures had been thousands in number and in each action judgment usually was entered on the default of all the defendants. At the time of the entry of the judgment of foreclosure and sale in question there existed no statute in the State of New York which set forth the priority in which such liens should be established except possibly section 116 of the Village Law which will be hereinafter discussed. In other jurisdictions where there is no statute establishing priority the general rule has been that the latest lien was the best and, therefore, such liens should be payable out of the proceeds of sales in inverse order of the chronological dates of assessments of the taxes which were the bases of the liens. (2 Cooley on Taxation [3d ed.], 875; *Harrington Co.* v. *Walker*, 105 N. J. Eq. 172; 147 A. 199; *Keen* v. *Sheehan*, 154 Mass. 208; 28 N. E. 150; *Jaicks* v. *Oppenheimer*, [Mo.] 168 S. W. 216; *Anderson* v. *Rider*, 46 Cal. 134; *Sayles* v. *Davis*, 22 Wis. 225; *Winter* v. *City Council of Montgomery*, 101 Ala. 649; 14 So. 659.) Subsequent to the commencement of this action and by chapter 770 of the Laws of 1940, an addition to the Tax Law of this State, article IV-C, made provisions as follows:

" § 100. Definitions. When used in this article: (a) The term ' tax district ' means the county of Erie and any city, town, village, school district or special district in the county of Erie, having power to levy, assess and enforce the collection of taxes or other charges on real property;

" (b) The term ' tax lien ' means any unpaid tax, assessment or other charge pursuant to law, which is a lien on real property, whether or not the same be evidenced by a ' transfer of tax lien,' a ' tax sale certificate,' a ' tax transcript,' a ' certificate of tax sale,' or any other written instrument.

" § 101. Priority of tax liens. All tax liens of all tax districts in the county of Erie which become liens against the same parcel of property shall have priority in the inverse order of the time at which they become liens, the last tax lien being the first lien in priority."

Section 2 of that chapter provides: " The provisions of article four-c of the tax law, as added by this act, shall supersede inconsistent provisions of any other general, special or local law. Nothing in such article contained shall alter or affect the provisions of sections one hundred and ninety-seven and two hundred and nineteen-c of the tax law; nor shall such article be construed as affecting the construction of heretofore existing laws, statutory or otherwise."

Section 197 applies to corporation tax, and section 219-c applies to franchise tax.

Prior to the enactment of chapter 770 of the Laws of 1940 and by chapter 303 of the Laws of 1940 the Legislature provided for priority of tax liens as follows:

" § 99. Priority of tax liens. All tax liens of all tax districts which become liens against the same parcel of property in the same calendar year shall be superior to all tax liens against such parcel which became liens in any preceding year, except that where any general, special or local law provides that a tax district which holds and owns a lien for taxes imposed by it, has different rights of priority than other holders or owners of such tax liens, such tax liens of such tax district shall rank in priority as may be provided by such laws.

" § 99-a. Parity of tax liens within calendar year. All tax liens of all tax districts which become liens against the same parcel of property in the same calendar year shall rank on a parity, except that where any general, special or local law provides that a tax district which holds and owns a lien for taxes imposed by it, has different rights of priority or parity than other holders or owners of such tax liens, such tax liens of such tax district shall rank in priority as may be provided by such laws.

" § 99-b. Application to Erie county. The provisions of this article shall not apply to the county of Erie nor to any tax district within the county of Erie."

Section 2 of chapter 303 provides: " This act shall take effect immediately, and shall apply to all tax liens levied or assessed on or after January first, nineteen hundred forty-one, notwithstanding the provisions of any general, special or local law to the contrary, except that it shall not be deemed to apply to or affect the priority or parity of any tax liens levied or assessed prior to January first, nineteen hundred forty-one, either as between themselves or with relation to any tax liens levied and assessed after January first, nineteen hundred forty-one."

In reference to chapter 770 of the Laws of 1940 argument is made by the appellants herein that the enactment of such chapter is a specific recognition by the Legislature that the law prior to the enactment of chapter 770 was necessarily a law providing for preference of such liens in chronological order of taxes while the respondents argue that the enactment of the chapter in question is a recognition of the common-law principle of inverse order of liens. In deciding the merits of this argument one must bear in mind the common practice in this and other States and the common law of States other than New York which have not adopted statutes which practice and common law might well justify a conclusion on the part of this court that it should be held in this State as a matter of common law that the liens should be of superiority in inverse order and that the enactment of chapters 303 and 770 of the Laws of 1940 was a recognition or an expression by the Legislature of such common-law practice. The general practice in this State and the recognition of the doctrine of inverse order in other States having no statutes on the subject and reasons of public policy as hereinafter discussed, may well be the basis for affirmance herein of the doctrine of inverse order of priority unless controlling decisions in the courts of this State have recognized the order of chronological dates, or, as it has been described, the direct order of incidence. This question of priority has been the subject of discussion in recent years in *Fox* v. *Barr* (Supreme Court, Nassau County, 172 Misc. 1054); *Village of East Rochester* v. *Dygert* (Supreme Court, Monroe County, unreported [dated Sept. 27, 1939]); *Carodix Corp.* v. *Flaherty* (County Court, Monroe County, 174 Misc. 779); *Village of Babylon* v. *South Shore Thrift Corp.* (County Court, Suffolk County, Id. 738). Of the cases so cited that of *Fox* v. *Barr* (*supra*) follows the viewpoint of the respondents and the other cases so cited follow the viewpoint expressed in the ruling of the Erie County Court in the present case. The appellants herein contend that this court is concluded by the decisions in the highest court of the State in *Village of Garden City* v. *Roeder* (280 N. Y. 663) and *County of Nassau* v. *Lincer* (Id. 662). If these cases or either one of them clearly decide the question here

at issue, of course we are controlled by such decision or decisions It is true that in each one — *Roeder* and *Lincer* cases — the record shows that priority of lien was granted in chronological order of taxes. Although the records in such cases show that the order of liens was placed by date of assessment, it is ascertained from the record that the question for decision before the court in each of such cases was not the issue of inverse or chronological order. In the *Roeder* case the question to be passed upon and finally disposed of was that county taxes and village taxes on the same property for the same year were equal except as to priority in any one year given by the difference in the dates of the assessment. In the *Lincer* case the question before the Court of Appeals and the one disposed of there was that it is " the policy of the law to insure the collection of all taxes, that whenever it is possible on any theory to do so the courts will construe the statutes to accomplish that result, and that there was no clear and compelling statute requiring a holding that the Legislature intended that a county tax should have priority over a village tax or assessment." It being ascertained that the Court of Appeals in deciding the *Roeder* and *Lincer* cases had before it for decision only the specific questions above stated, it must follow that there was no intention on the part of that court in either case to render decision on any proposition (like the present one) that was not necessary to the decision of the single question in the case. This being so, there is nothing either in the *Roeder* case or the *Lincer* case which is controlling on the decision of this court in the case now before us. (See *Sears, Roebuck & Co.* v. *9 Ave.-31 St. Corp.*, 274 N. Y. 388, at p. 400.)

The appellants claim that the provisions of section 116 of the Village Law are an expression of statute that is decisively in their favor on the question in this case. Such section in so far as may be pertinent herein is quoted as follows: " The annual village tax is a lien prior and superior to every other lien or claim except a lien of an existing tax or local assessment on real property on which it is levied from the first day of June of the year in which it is levied until paid or otherwise satisfied or discharged * * *." Their contention is that the words " *except a lien of an existing tax or local assessment* " fix the order of preference. With this we cannot agree for the following reasons: (a) There is no decision on the meaning of the italicized words. (b) Section 126-d of the Village Law, enacted by section 4 of chapter 661 of the Laws of 1930, in effect April 22, 1930, provides in part that a conveyance made under a tax sale or foreclosure of tax lien shall vest in the purchaser all " right, title, interest * * * except subsequent taxes and assessments and sales on account thereof." The enact-

ment of such section 4 of chapter 661 of the Laws of 1930 certainly does not bear out the contention that section 116 of the Village Law, which was then existing and still remains on the statute book, was intended to give priority to tax and tax liens in chronological order of incidence. (c) The language itself so outlined is at best confusing. It may mean current taxes, or it may be just an example of redundancy brought about by excess of caution to emphasize the priority of tax liens over other liens, or it may be an application of the doctrine that there is no preference between the liens of current taxation of different municipalities on the same piece of real estate. (*City of Rochester* v. *Kapell*, 86 App. Div. 224; affd., 177 N. Y. 533.) We conclude that section 116 of the Village Law does not provide a statutory authority for the contention of the appellants herein. If there is no statutory or judicial authority establishing the rule of priority in order of dates, it would appear for reasons of public policy that priority by inverse order of the incidence of the taxes should be the law of this State. Such an order is sanctioned by usage, by decisions in other States and by the controlling consideration of the safety of the financial structure of the taxing divisions which consideration is of paramount public importance. Conceive the situation as follows: In times of depression such as those which have existed for many years past, large amounts of real properties are under unpaid tax liens or the certificates or deeds arising from such unpaid tax liens. These and other burdens on such real property leave little or no equity in the real property. The municipal authority is required to afford such pieces of property, as well as to all other property in a municipal district, the protection of government. Such protection requires the expenditure of money. Such money under our present system of taxation is in the most part raised by taxes on real property. If tax liens and conveyances growing from older taxes have a superior right to fresh taxes, then the municipalities concerned will be greatly distressed even more than they now are through the failure in payment of tax moneys. If such a result to government can be avoided by reasonable interpretation of the law, then that result should be attained. Nothing hereinbefore discussed and nothing cited by the appellants is convincing on their contention; usage, custom and public policy support the position of the respondents herein. For these reasons the decision in this court should be in favor of the respondents and the judgment below in so far as appealed from should be affirmed.

All concur. Present — CROSBY, P. J., CUNNINGHAM, TAYLOR, HARRIS and McCURN, JJ.

Judgment, so far as appealed from, affirmed, without costs.