INTERCOUNTY OPERATING CORPORATION, Plaintiff, *v.* ELLIS T. TERRY, as Treasurer of Suffolk County, Defendant.

Supreme Court, Special Term, Suffolk County, April 14, 1943.

*Herbert L. Hutner* for plaintiff.

*Guy O. Walser* for defendant.

SWEZEY, J. This action for a declaratory judgment involves the interpretation and effect of section 53 of the Suffolk County Tax Act. (L. 1920, ch. 311; amd. L. 1929, ch. 152; amd. L. 1941, ch. 140.) The material facts which are not in dispute are as follows: Plaintiff having purchased on November 19, 1937, a tax lien on certain real property in Suffolk County for taxes levied by said County for the tax year of 1936–1937, past due and unpaid, became entitled three years thereafter to a deed, no redemption having been made. It sought to procure same but was met with the demand that it pay, as a necessary preliminary, upwards of $5,000 taxes levied on the property for subsequent years, past due and unpaid. Taxes have been levied for each tax year subsequent to 1936–1937. In the years 1937–1938 and 1938–1939, tax sales likewise had been held and the liens bid in by plaintiff. Such years are not involved in this action. In 1939–1940, a sale was had at which the purchaser was the County of Suffolk. For the years 1940–1941 and 1941–1942, the premises having been struck down to the County at the 1939–1940 sale, and not being subject to further sale, no taxes were extended and no sales were had, but taxes were

computed and assessed against it in accordance with the provisions of section 153 of the general Tax Law.

It is the plaintiff's contention that it is entitled to a deed without payment of the taxes so levied and unpaid for these subsequent years; that such deed would convey to it a fee estate in such property, " subject, however, to all claims the county or state may have thereon for taxes or liens or encumbrance " (Tax Law, § 154).

Defendant concedes that the foregoing would be true but for the specific language of section 53 of the Suffolk County Tax Act. (L. 1929, ch. 152, amd. L. 1941, ch. 140.) The 1929 amendment which added to the earlier statute a new article dealing with the collection of taxes and assessments by sale, in said section 53 thereof prescribed the method by which the purchaser at a county tax sale could, after the expiration of the three-year redemption period, obtain a deed to the real property. One of the prerequisites was the " taking and paying for an assignment of all outstanding prior tax liens held by the county upon the premises * * * ". This was the state of the law as of November, 1937, when plaintiff purchased the tax lien. The 1941 amendment added to the foregoing certain language which caused the statute to read: " taking and paying for an assignment of all outstanding prior tax liens held by the county upon the premises, *including all unpaid taxes appearing in the book or books which the county treasurer is authorized and empowered to compile and maintain pursuant to the provisions of chapter one hundred five of the laws of nineteen hundred twenty* * * * " (the new language being as italicized).

The controversy herein involves the interpretation and effect of the word " prior ", plaintiff contending that it means prior in time and that the " time " is the date of the tax sale, and the defendant contending that it means prior in lien (under the doctrine of " inverse order " of payment of tax liens, adverted to in *Field* v. *Stalica,* 262 App. Div. 23) and that the emphasized language of the latest amendment did not operate to change the legal effect of the 1929 amendment but was inserted merely for the purpose of clarification. It is to be noted in passing that the doctrine of inverse order of tax liens has been limited by the Court of Appeals in its recent decision reversing the *Field* v. *Stalica* case (290 N. Y. 181) and denying the effect given it by the Appellate Division in that case.

To give the statutory language the construction contended for by plaintiff would be tantamount to ignoring altogether

the effect of the quoted sections of the Suffolk County Tax Act. That may not be done. It is only where the specific provisions of the Suffolk County Tax Act fail to cover a situation that the general provisions of the state-wide Tax Law apply. (L. 1920, ch. 311, § 32; L. 1929, ch. 152, § 77.) The court must assume that the Legislature had in mind the scope and effect of section 154 of the Tax Law and that in using the precise language employed by it in section 53 of the Suffolk County Tax Act it did not do a purposeless or meaningless act. It is not to be supposed that the Legislature will deliberately place words or phrases in a statute without any purpose in view. Rather must the court assume the contrary. (*People* v. *Dethloff*, 283 N. Y. 309, 315.)

The wording of the statute involved herein being ambiguous, recognized principles of statutory construction must be resorted to in the attempt to resolve it.

The primary rule, of course, is that the legislative intent must, if possible, be ascertained and given effect. Also, the purpose behind the enactment must be ascertained, if possible, the act construed as a whole and its various parts, insofar as possible, harmonized (McKinney's Cons. Laws, Book 1, §§ 96, 97, 98, and cases therein cited). In the construction of tax statutes, likewise, the statute must be given a practical construction (*Matter of Mendoza Fur Dyeing Works* v. *Taylor*, 272 N. Y. 275, 281) and that view is to be favored which aids in the collection of the revenues upon which the successful operation of the State and its political subdivisions, and the consequent welfare of the people, to so large an extent, depend. In the construction of tax statutes, "It is the policy of the law to insure the collection of all taxes, and whenever it is possible on any theory to do so the courts will construe the statutes to accomplish that result. (*City of Rochester* v. *Kapell*, 86 App. Div. 224, affd. on that opinion, 177 N. Y. 533.)" (*County of Nassau* v. *Lincer*, 254 App. Div. 746, affd. 280 N. Y. 662. See, also, *Pickell* v. *City of Utica*, 161 App. Div. 1, 2.)

With the foregoing principles in mind, I am impelled to the view that the word "prior" as used in the 1929 statute is to be read in its temporal or chronological sense and that such "priority" has reference to the period of time antecedent to the delivery of the tax deed. So construed the 1929 enactment and its 1941 amendment are harmonized and the ambiguity caused by the term "prior" in the earlier enactment, leaving in doubt whether the "priority" referred to the date of the tax sale or the date of the tax deed, is eliminated.

A comparison of the language and practical effect of section 154 of the Tax Law and section 53 of the Suffolk County Tax Act throws additional light on the situation. Under section 154 of the Tax Law a purchaser paid the amount bid with the incidental costs and received a deed subject to liens held by the county and State. Under section 53 of the Suffolk County Tax Act he pays " prior " tax liens and receives a deed conveying an absolute estate in fee. Thus under the former he received a deed which was subject to tax liens and under the latter he pays off such liens and receives his deed and nothing is said about its being delivered to him subject to any tax liens. Of course, where all taxes prior in date to the deed are paid off, there is no reason for qualifying or limiting the conveyance so made, and if we construe section 53 in this manner we see why the words " subject, however, to all claims the county or state may have thereon for taxes or liens or encumbrance ", after the word " fee ", as contained in section 154 of the Tax Law, are omitted from section 53 of the Suffolk County Tax Act.

The evident purpose of the 1929 amendment to the Suffolk County Tax Act was to improve the cash position of the County. The amendment is a drastic change in the law as it had existed and it is inconceivable that the amendment was had for any other purpose. This being so, it is inconceivable likewise that the amendment was designed to permit the purchaser to receive his deed without paying all taxes that were owing; otherwise the purpose, practically, would be defeated.

Plaintiff asserts that defendant's officers have given a practical construction to the statute which is at odds with the position defendant now takes but which is consistent with that advocated by plaintiff. Such construction is to be and has been considered, but its effect was offset to a degree by the testimony of the County Treasurer as to the current practice and policy of his office and the explanation made as to the conflict in procedure due to a diversity of interpretation given by different administrations. Furthermore, the County may not be bound by the acts of its agents or officials done under a misapprehension of law. (Cf. *City of New York* v. *Wilson & Co.*, 278 N. Y. 86; *Seif* v. *City of Long Beach*, 286 N. Y. 382.)

Judgment accordingly for defendant.