MARY E. W. FIELD, as Executrix of CHARLES H. WILTSIE, Deceased, Plaintiff (Appellant-Respondent), *v.* DOMINICK STALICA, Individually and as General Guardian of JOSEPH STALICA et al., Infants, et al., Defendants, UNION PROPERTIES, INC., et al., Defendants (Respondents-Appellants) and VILLAGE OF DEPEW AND COUNTY OF ERIE, Defendants (Respondents).

County Court, Erie County, June 21, 1943.

*Philip Halpern, Morris Weinstein* and *Emil L. Cohen* for defendants (appellants).

*Harold P. Kelly* for defendant Village of Depew (respondent).

*Ralph A. Lehr, County Attorney (Maurice J. Rumizen* of counsel), for defendant County of Erie (respondent).

*Selwyn R. Mack, Village Attorney,* for Village of East Aurora, *amicus curiæ.*

*Frederick T. Sherwood* for Village of Hamburg, *amicus curiæ.*

WARD, J. This matter is remitted to the Special Term, County Court for the County of Erie, to enter judgment fixing the order of priority of tax liens in accordance with a memorandum of the Court of Appeals, dated March 11, 1943 (*Field* v. *Stalica,* 290 N. Y. 181), which reversed the judgments so far as appealed from by the above-mentioned parties.

The original action was commenced June 8, 1940, to foreclose tax sale certificate number 14984 of the Erie County tax sale of 1928, covering premises in the village of Depew, Erie County, New York. No issue has been raised by the pleadings. The question raised on appeal involved the priority of outstanding tax liens and was raised on the hearing of a motion made by the plaintiff to confirm the referee's report, dated October 16, 1940. The judgment of foreclosure and sale of the County Court, dated October 25, 1940, confirmed the referee's report in all respects, except that it disapproved conclusion of law No. 1 of said report, which provided:

" That the plaintiff and the defendants, County of Erie, Vil-

lage of Depew, Union Properties, Inc., and Central National Bank of Cleveland are entitled to judgment establishing that they are the record owners and holders of good and valid liens against the premises described in the complaint in the following amounts presently due and payable in the following chronological order of priority:

| Owner | Sale | Amount |
|---|---|---|
| Union Properties, Inc...........County | 1927 | 57.12 |
| Village of Depew ..............Village | 1927 | 59.13 |
| Plaintiff ......................County | 1928 | 231.25 |
| Village of Depew.................Village | 1928 | 57.66 |
| Village of Depew..............Village | 1929 | 65.73 |
| Central Nat'l. Bank of Cleveland.County | 1930 | 151.01 |
| Village of Depew..............Village | 1930 | 67.34 |
| County of Erie.................County | 1931 | 135.13 |
| Village of Depew..............Village | 1931 | 65.19 |
| County of Erie................County | 1932 | 128.35 |
| Village of Depew..............Village | 1932 | 58.96 |
| County of Erie................County | 1933 | 130.38 |
| Village of Depew..............Village | 1933 | 52.52 |
| County of Erie................County | 1934 | 111.94 |
| Village of Depew..............Village | 1934 | 55.81 |
| County of Erie................County | 1935 | 99.36 |
| Village of Depew..............Village | 1935 | 55.43 |
| County of Erie................County | 1936 | 92.74 |
| Village of Depew..............Village | 1936 | 46.73 |
| County of Erie................County | 1937 | 86.11 |
| Village of Depew..............Village | 1937 | 39.76 |
| County of Erie................County | 1938 | 94.04 |
| Village of Depew..............Village | 1938 | 35.11 |
| County of Erie................County | 1939 | 88.36 |
| Village of Depew..............Village | 1939 | 31.23 |
| County of Erie...........County Tax | 1940 | 64.89 |
| Village of Depew........Village Tax | 1940 | 39.60 " |

Said judgment of foreclosure, dated October 25, 1940, further directed that said tax liens be paid in the inverse order of priority commencing with the village tax of 1940 and ending with the county tax of 1927.

On October 28, 1940, the plaintiff appealed to the Appellate Division of the Supreme Court, Fourth Department, from that portion of the final judgment of foreclosure and sale whereby the report of the referee was disapproved as to conclusion of law No. 1, which fixed the chronological order of priority

of the tax liens, and whereby it directed that said tax liens are liens against the said premises and should be paid from the proceeds of sale in the inverse of priority. A similar appeal was taken on October 31, 1940, by the defendants Union Properties, Inc., and the Central National Bank of Cleveland.

On May 14, 1941 (262 App. Div. 23) the Appellate Division of the Supreme Court, Fourth Department, ordered that the judgment so far as appealed from be affirmed; judgment of affirmance was entered June 12, 1941, accordingly.

Thereafter, said appealing defendants and plaintiff again appealed to the Court of Appeals upon the same grounds.

The Court of Appeals decided on March 11, 1943 (290 N. Y. 181) that the judgments so far as appealed from should be reversed and ordered judgment accordingly. The Court of Appeals also wrote an opinion *Per Curiam*, which is binding upon this court, as follows: " In *County of Nassau* v. *Lincer* (280 N. Y. 662) and *Village of Garden City* v. *Roeder* (280 N. Y. 663) this court considered and necessarily decided that under section 116 of the Village Law, in villages the lien of both village and county taxes had priority in chronological order. We find nothing in the provisions of law applicable in Erie County which varies the statutory rule applied in those cases. The Legislature, noting the objections to the rule of priority formulated in the Village Law, has changed that rule by chapters 303 and 770 of the Laws of 1940, but the amendment is not retroactive." (290 N. Y. 181, 185.)

On April 12, 1943, the County of Erie, defendant-respondent, moved the Court of Appeals for a reargument. A comprehensive brief was submitted to that court, construing the court's memorandum of March 11, 1943, contending respectfully that the court fell into error. The County of Erie drew a distinction between " a tax " and " a tax sale certificate," and described the injustice and loss to taxpayers by the payment of taxes and tax sale certificates on a parity. That motion for reargument was denied. (290 N. Y. 764.)

The County of Erie contends to this court: That the memorandum of the Court of Appeals is ambiguous and that the court has not definitely ruled that " tax liens " and " tax certificates ", for the purpose of enjoying a priority in distribution of the proceeds of a tax foreclosure sale, are on a parity one with the other. While the court did not say this in exact words, it pointed out that this question had been decided in the cases of *County of Nassau* v. *Lincer* (280 N. Y. 662) and *Village of Garden City* v. *Roeder* (280 N. Y. 663). A careful reading

of these cases leaves no doubt but that the court has so decided.

In an effort to persuade this court to the contrary, the County of Erie contends that if the Court of Appeals has so decided, the taxing districts will be deprived of vast sums of money at the distribution of the proceeds of sale as it will be necessary to pay off certificates of many years' standing not only at face of sale but in addition interest at 12% per annum, amounting in some instances to 100%–150% interest. These certificates in many instances will be paid off prior to reaching county or village certificates, thus leaving that much less for distribution to the taxing districts. The County of Erie claims that a premium thus has been placed upon the laches of the holder of the ancient certificate, and that the county or village must pay an exorbitant rate of interest. It is further contended by the county that had the county been able to anticipate this opinion, it could have and would have borrowed the money to buy these certificates itself at the usual very low rates of interest enjoyed by well-governed and financially sound counties. In addition, the County of Erie claims that if this opinion directs " tax liens " and/or " tax certificates " to be paid chronologically, the County of Erie may have to abandon its tax foreclosure policy on such lands as have ancient certificates privately held, as the county will receive little or nothing from the sale. The county claims that the value of the outstanding certificates privately held, together with the accumulations of interest at 12% per annum, is very large and may very well affect the county tax rate, if the proceeds of these sales are to be lost to the county.

However, these contentions have been argued before and presented to the Court of Appeals, and it has decided the law to be that tax liens, including tax certificates, be paid in their chronological order except as hereinafter set forth, and this court is bound by its direction.

It will be noted that the Court of Appeals has pointed out that chapter 770 of the Laws of 1940, effective April 26, 1940, has changed the rule of section 116 of the Village Law, but that the amendment is not retroactive.

Section 2 of chapter 770 of the Laws of 1940 [which added article IV-C to the general Tax Law] reads as follows: " Section 2. The provisions of article four-c of the tax law, as added by this act, shall supersede inconsistent provisions of any other general, special or local law. Nothing in such article contained shall alter or affect the provisions of sections one hundred and ninety-seven and two hundred and nineteen-c of the tax

law; nor shall such article be construed as affecting the construction of heretofore existing laws, statutory or otherwise."

It will be noticed that this section states that it " shall supersede inconsistent provisions of any other general, special or local law ", and then concludes by stating " nor shall such article be construed as affecting the construction of heretofore existing laws, statutory or otherwise." It is apparent that the Legislature has recognized that public interest requires a change in the existing law, but that private rights already fixed under existing laws shall not be lost as among tax liens which became liens prior to April 26, 1940.

Thus there arises two classes of liens in Erie County; those that became such before April 26, 1940, and those that became liens after that date. As to the first, the Court of Appeals has interpreted section 116 of the Village Law to read that they should be paid in chronological order. As to the second, the Legislature has by statutory enactment fixed their priority in the inverse order.

Now we have the problem as to the arrangement of the classes as between themselves as to their order of priority. Shall class one be paid chronologically before class two is paid in inverse order, or shall class two be paid in inverse order first, and then class one in chronological order? The answer to this is clear in reading the law (L. 1940, ch. 770) which states: " *Priority of tax liens.* All tax liens of all tax districts in the county of Erie which became liens against the same parcel of property shall have priority in the inverse order of the time at which they become liens, the last tax lien being the first lien in priority." Thus, the last tax lien which became such subsequent to April 26, 1940, has priority over all other liens.

This court does not interpret the intent of the Legislature as being contrary to the memorandum of the Court of Appeals as the question before that court was the interpretation of an existing law, namely, section 116 of the Village Law.

An interpretation of chapter 770 of Laws of 1940 becomes necessary to this court, as the priority of the village tax of 1940 must be determined. This lien became a lien subsequent to April 26, 1940, and thus its priority is determined by chapter 770 of the Laws of 1940, and thus must be paid first. (The question of the priority in payment of liens which become such subsequently to the filing of the *lis pendens* is not involved in this appeal.)

Prepare and submit judgment fixing the order of priority of tax liens in the following manner: