In the Matter of Grace E. Connolly, Petitioner, against Milton
L. Burns, as Treasurer of Suffolk County, Respondent.

Supreme Court, Special Term, Nassau County, December 1, 1944.

*Eugene R. Hurley* for petitioner.

*Morris Rochman* and *Edgar F. Hazleton* for respondent.

COLDEN, J. Proceeding in the nature of mandamus for a final order under article 78 of the Civil Practice Act, directing the respondent, as County Treasurer of Suffolk County, N. Y., " to execute a deed of the premises sold under tax sale certificate Parcel 199 Brookhaven sale of 1939 for the unpaid tax of 1938/9, being 298 Acres bounded North by Great South Bay, East by U.S.L.S.S., South by Ocean and West by E. F. Tibbs, and to execute and deliver   *   *   *   an assignment of all taxes and tax sales held by the County affecting said premises upon the payment   *   *   *   of the amount of said taxes and penal- ties thereon   *   *   *.''

The respondent has moved to dismiss the petition as a matter of law, upon the grounds that the act, performance of which is here sought to be compelled, is prohibited by law, that the peti- tion fails to show the petitioner's right to the deed even if its execution and delivery were otherwise permissible, and that in any event if she is at all aggrieved she has an adequate remedy at law.

According to the petition, the petitioner is the owner and holder of a tax sale certificate which was issued by the respond- ent on a tax sale held by him in November, 1939, for the unpaid county tax of 1938–39; that more than three years have elapsed since said sale and the petitioner has demanded the issuance of a deed, which respondent refused with the statement that the property was sold in 1940 to the County of Suffolk for the unpaid taxes of 1939–40, and a deed to said property has already been executed and delivered to said County, thus cutting off the rights of prior tax sale purchasers.

Aside from the fact that the performance of the conditions precedent for the obtaining of a deed under a tax sale certificate, as required by the provisions of section 53 of the Suffolk County Tax Act (L. 1920, ch. 311, as amd. by L. 1929, ch. 152, as amd. by L. 1941, ch. 140) has not been specifically pleaded in the petition or shown in affidavits or other proof submitted in aid thereof, it is the conclusion of the court that upon the facts presented the petitioner is in no event entitled to the remedy here sought.

It is conceded that if title to the County had not been per- fected, the petitioner would, under section 53 of the Suffolk County Tax Act, as amended, be entitled to redeem from the

sale to the County for the taxes prior in right to those upon which petitioner's certificate is based. (*Intercounty Operating Corp.* v. *Terry,* 181 Misc. 362.) Since, however, the title to the County upon its certificate has been perfected by the execution and delivery of a deed to it, the petitioner has no clear right to a deed to the same property. Under section 46 of the Suffolk County Tax Act, it is provided that land thus acquired by the County " may be released or sold upon terms prescribed by *resolution of the board of supervisors* by the county treasurer in the name of the county. The board of supervisors may set aside parcels of land thus acquired in various parts of the county and hold the same for county purposes." (Italics supplied.)

Petitioner could have come in and protected her lien at the sale at which the property was struck down to the County, or thereafter before the County had acquired its deed. This she did not do. Now that the respondent has duly conveyed title to the County, based upon a certificate acquired by it at a subsequent sale for taxes prior in right, he cannot be compelled to execute a deed conveying title to the same property to anyone else, for it is provided by section 153 of the general Tax Law that real property struck down to a county at a tax sale and omitted from the tax rolls " may be redeemed by the owner, occupant or any other person, *provided the county has not acquired a title in fee to such real property * . * *.*" (Italics supplied.)

There is no substance to the argument of the petitioner that the last-cited section is inapplicable, in view of section 32 of the Suffolk County Tax Act, which provides that the general Tax Law shall apply and govern on matters relating to taxation in Suffolk County " not inconsistent with the provisions of this act." Neither section 50 nor section 153 of the general Tax Law are inconsistent with the Suffolk County Tax Act. (See *Intercounty Operating Corp.* v. *Terry, supra.*)

The motion to dismiss the petition as a matter of law is, accordingly, granted.