DELIA HANNIGAN, as Administratrix, etc., of THOMAS J. HANNIGAN, Deceased, Respondent, v. THE TECHNOLA PIANO COMPANY, Appellant.— Judgment and order unanimously affirmed, with costs. No opinion. Present — Kelly, P. J., Rich, Kelby, Young and Kapper, JJ.

MARY R. HART, Appellant, v. ROSA VON ROTHEIM and Others, Defendants, Impleaded with VILLAGE OF ELMSFORD, Respondent.— Judgment of the County Court of Westchester county unanimously affirmed, with costs. No opinion. Present — Kelly, P. J., Rich, Kelby, Young and Kapper, JJ.

SLAUGHTER W. HUFF and Another, as Receivers of the Property of the NEW YORK AND QUEENS COUNTY RAILWAY COMPANY, etc., Respondents, v. MANHATTAN TRANSIT COMPANY, Appellant, Impleaded with Another, Defendant.— Judgment unanimously affirmed, with costs. The conclusion of this court is that chapter 470 of the Laws of 1899 did not grant to the General Carriage Company any right or franchise to maintain and operate buses or bus lines over and upon any of the streets of the city; but we do not determine the constitutionality of said act because not necessary to the decision. The court reverses the conclusion of law numbered (4). Present — Kelly, P. J., Rich, Jaycox, Manning and Kapper, JJ.

HUNTINGTON TRACTION COMPANY, INC., Appellant, v. BERT WALKER, Respondent.— Order reversed on the law, with ten dollars costs and disbursements, and motion granted, with ten dollars costs. (*Brooklyn City Railroad Co.* v. *Whalen*, 191 App. Div. 737; affd., 229 N. Y. 570.) The town board of the town of Huntington was without power to rescind the resolution of June 27, 1919, making the provisions of section 26 of the Transportation Corporations Law* applicable to the town, and the resolution of April 11, 1924, attempting to rescind the previous resolution was a nullity. The operation by defendant of buses in competition with plaintiff's railroad without obtaining from the Public Service Commission a certificate of convenience and necessity was, therefore, illegal, and plaintiff is entitled to an injunction restraining such operation. Kelly, P. J., Jaycox, Kelby, Young and Kapper, JJ., concur. Settle order on notice.

In the Matter of MARY E. BRANT, an Alleged Incompetent Person, Respondent. MARY R. AYMER and Others, Appellants.— Order affirmed, with ten dollars costs and disbursements. No opinion. Kelly, P. J., Jaycox, Kelby, Young and Kapper, JJ., concur.

---

* Added by Laws of 1915, chap. 667, as amd. by Laws of 1919, chap. 307.— [REP.