INCORPORATED VILLAGE OF GARDEN CITY, Plaintiff, *v.* WILLIAM E. ROEDER and COUNTY OF NASSAU, Defendants.

County Court, Nassau County, January 17, 1938.

*Hurd, Hamlin & Hubbell [George L. Hubbell, Jr., and H. L. Gibson* of counsel], for the plaintiff.

*James L. Dowsey, County Attorney [Eugene R. Hurley* of counsel], for the defendant.

JOHNSON, J. This is substantially the reverse of the situation presented in the case of *County of Nassau* v. *Lincer* (165 Misc. 909), decided herewith. Here the village has brought action to foreclose a tax lien certificate purchased by it upon a sale for unpaid village taxes and has joined the county of Nassau as a party defendant by reason of its liens for unpaid county taxes. By this motion the plaintiff village seeks a judgment directing sale of the premises against which the tax liens exist and disposition of the proceeds of sale as follows: (1) To the payment of costs and expenses, and (2) to payment of the tax liens in order of priority.

The plaintiff is proceeding under the provisions of section 126-d of the Village Law (added by Laws of 1930, chap. 661), whereby the village was afforded an additional remedy for collection of taxes. By that statute the village is authorized to sell for unpaid taxes in March of the year following that in which the tax was levied. The purchaser at the sale (including the village) receives a certificate of sale, which is subject to redemption for a period of two years from the last day of the sale. If not redeemed an action may then be brought to foreclose the lien, in which action shall be included all claims then held by the plaintiff by way of tax liens or tax sale certificates for village, town, county and State taxes. (Village Law, § 126-d, subd. 8, as amd. by Laws of 1937, chaps. 95 and 96.) Defendants who hold tax liens or tax sale certificates may answer, alleging their respective claims.

" The court shall have full power to determine and enforce in all respects the rights and equities of the several parties to the action, including the rights and equities of the defendants, as between themselves, to direct the sale of such real estate and the distribution or other disposition of the proceeds of such sale." (Village Law, § 126-d, subd. 12.)

From the papers presented upon this motion the situation of the premises affected by this action with respect to unpaid taxes was as follows:

For the years 1923 to 1929, both inclusive, and for the year 1931 there were no unpaid county taxes, but there were for each of such years unpaid village taxes, none of which, however, the village

had attempted to collect by sale. There was also a balance unpaid of a special assessment levied in 1931. Beginning with the year 1932 there were imposed in each year a county tax which became a lien on January first, and a village tax which became a lien on the following June first. Apparently the village held no sale for unpaid taxes until February, 1933, when it sold for the unpaid 1932 village tax only. In each subsequent year it sold for the unpaid tax of the next preceding year only, except that in February, 1936, it sold for the unpaid village taxes of the years 1923 to 1929, both inclusive, and 1931. Clearly the time has not yet arrived when the village, as purchaser at that sale, may foreclose its lien. Hence, it has brought the present action to foreclose its lien acquired in February, 1933, upon the sale for the unpaid 1932 village tax, and has included in the action all its claim for unpaid taxes of the preceding and subsequent years, pursuant to subdivision 9 of section 126-d.

In the meantime, in July, 1934, at a sale for the unpaid county tax of the year 1932, the premises were purchased by and a certificate of sale issued to the county. The time to redeem from that sale is still running and will expire in July, 1938, at which time, if unredeemed, the county will be entitled to a deed which will vest in it an absolute title subject only to State and county taxes. (*County of Nassau* v. *Lincer*, 165 Misc. 909.)

As I understand it, the village does not dispute that, as to taxes of the year 1932 and subsequent years, the county tax is, in each case, a lien prior to that of the village tax. Clearly under sections 113 and 116 of the Village Law the village taxes in each of those years are subsequent and expressly made subordinate to the county taxes. It necessarily follows that the county tax of 1932, for nonpayment of which the premises have been sold to the county, is paramount and superior to the village taxes of 1932 and all subsequent years.

As to the village taxes and assessments of years prior to 1932, it must be kept in mind that the village did not pursue its remedy by sale until February 25, 1936, so that the village's right to foreclose that lien ordinarily would not and could not arise until February 25, 1938. It surely is in no better position by reason of its inclusion of the claim for those unpaid taxes in the present action to foreclose its lien arising from sale for the unpaid village tax of 1932. As is pointed out in the decision in *County of Nassau* v. *Lincer* (*supra*), the county may not be compelled to and cannot, constitutionally, pay the village the amount of those unpaid village taxes. Such was the decision in *Village of Kenmore* v. *County of Erie* (252 N. Y. 437). From the decision in the *Lincer* case it necessarily follows that the lien acquired by the county upon the sale for non-

payment of the 1932 county tax is superior and paramount to the village taxes not only of that and subsequent years but of the preceding years also.

But the village urges that, even assuming that to be so, nevertheless, the court *must* direct a sale of the premises, and that the county must look for payment of its liens solely to the proceeds of such sale, if any, remaining after payment of costs and expenses. It may very often happen, as is indicated is likely to happen in this case, that such proceeds will be insufficient to pay the county's liens, either wholly or in part. I cannot conceive that the Legislature intended any such result. By subdivision 12 of section 126-d of the Village Law it has *empowered* the court to direct a sale but has not *commanded* it. If the court directs an absolute sale it would result in a conveyance of the premises free from all liens for county taxes and tax sales, and would remit the county to the proceeds of sale only for payment of its liens. If a possibility exists that such sale might result in a complete or partial loss of the county's liens it should not be directed.

Here the village seeks exactly such relief. It asks that the court direct an absolute sale and disposition of the proceeds as follows: (1) To payment of costs and expenses; (2) to payment of village taxes of the years prior to 1932; (3) to payment of the 1932 county tax; (4) to payment of the 1932 village tax, and similarly with respect to the taxes of each subsequent year. Obviously this last request is not proper, as the statute itself subordinates the village tax of each year to the county tax of that year, so the county taxes of the year 1932 and all subsequent years are superior to the village taxes of those years. And as to village taxes of prior years, for which no sale was had until 1936, the decision of the court is that the 1932 county tax, which resulted in a sale to the county in 1934, is superior and paramount.

Under the circumstances presented the court will not order an absolute sale, but will direct that such sale be made subject to the lien of the county for the 1932 and subsequent county taxes.

The motion for judgment in the form proposed must, therefore, be denied.