INCORPORATED VILLAGE OF GARDEN CITY, Appellant, v. WILLIAM E. ROEDER and Others, Defendants, and COUNTY OF NASSAU, Respondent.— Action for the foreclosure of certain tax liens of the village of Garden City, and the sale of certain real property subject to such liens, and the application of the proceeds of such sale to the payment of the liens of the village of Garden City and tax liens of defendant county of Nassau. Order of the County Court of Nassau county, in so far as it denies plaintiff's motion for final judgment and directs entry of a final judgment adjudging that the tax liens of the county of Nassau are superior and prior to the tax liens of the village of Garden City, and judgment entered on said order, reversed, on the law, with ten dollars costs and disbursements, and motion for final judgment granted directing a sale of the property free of all tax liens, and adjudicating the priority of the respective tax liens, as provided in sections 113 and 116 of the Village Law, and distributing the proceeds to the village and county in the said order of priority. The county tax lien is not superior to and does not have priority over the village taxes and assessments (*County of Nassau* v. *Lincer* [*Incorporated Village of Malverne*], *ante*, p. 746, decided herewith), except that the county tax in a given year shall have precedence over the

village tax in that year, as a consequence of the different dates of the year upon which these respective taxes became a lien. Lazansky, P. J., Carswell, Davis, Johnson and Taylor, JJ., concur. [165 Misc. 928.]