### (May 19, 1938.)

COUNTY OF NASSAU, Respondent, v. DANIEL LINCER and Others, Defendants, and INCORPORATED VILLAGE OF MALVERNE, Appellant.— The motion is referred to the court that rendered the decision on the appeal. Present — Lazansky, P. J., Hagarty, Carswell, Davis and Taylor, JJ. Plaintiff's motion to amend the order of reversal so as to dismiss the complaint as to defendant Incorporated Village of Malverne denied. On the court's own motion the decision handed down on May 6, 1938 [ante, p. 746], is hereby amended to read as follows: Action in partition. Order granting plaintiff's motion for judgment on the pleadings and barring the village of Malverne from its liens on the property described in the complaint for taxes levied prior to 1930 and for assessments for benefit regardless of when levied, and judgment entered pursuant to said order, reversed on the law, with ten dollars costs and disbursements, and motion denied, with ten dollars costs, in so far as the village of Malverne is concerned, and judgment granted in favor of said defendant dismissing the complaint. The deed of the plaintiff, based upon a county tax and a sale in the enforcement thereof, did not extinguish the lien of the village taxes and assessments. The county tax does not have priority over said village taxes and assessments. (*Hart* v. *Von Rotheim*, 209 App. Div. 904.) In that case the Westchester County Tax Act was involved and the question there decided was similar to the question here involved. The tax act in that case is similar in all substantial particulars to the Nassau County Tax Act here involved. It is the policy of the law to insure the collection of all taxes, and whenever it is possible on any theory to do so the courts will construe the statutes to accomplish that result. (*City of Rochester* v. *Kapell*, 86 App. Div. 224; affd., on that opinion, 177 N. Y. 533.) There is no clear and compelling statute that requires a holding that the Legislature intended that a county tax should have priority over a village tax or assessment. Lazansky, P. J., Carswell, Davis, Johnston and Taylor, JJ., concur. Order resettled accordingly. Present — Lazansky, P. J., Carswell, Davis, Johnston and Taylor, JJ.

### (May 20, 1938.)

ANNA BLITZ, and IRVING HOROWITZ, an Infant, by ANNA BLITZ, His Guardian ad Litem, Respondents, v. NATIONAL TRANSPORTATION Co., INC., Appellant.— Motion for leave to appeal to the Appellate Division denied, with ten dollars costs. Present — Lazansky, P. J., Hagarty, Carswell, Davis and Taylor, JJ.

DOUGLAS PARK ESTATE, INC., Appellant, v. THE FRANKLIN SOCIETY FOR HOME BUILDING AND SAVINGS, Respondent.— Motion for reargument denied, with ten dollars costs. Motion for leave to appeal to the Court of Appeals denied. Present — Lazansky, P. J., Hagarty, Carswell, Davis and Taylor, JJ.