TOWN OF GREENBURGH, Plaintiff, *v.* BESSIE RODAS, if Living, HILLANDALE INVESTORS CORP. and Others, Defendants.

Supreme Court, Westchester County, January 31, 1942.

*Martin Ginzler*, for the plaintiff.

*Morris Goldstein*, for the defendant Hillandale Investors Corp.

WITSCHIEF, J. The plaintiff is foreclosing town tax liens for town taxes levied April 1, 1937, and school taxes levied September 1, 1937.

The defendant Hillandale Investors Corp. holds a village tax lien for a village tax levied June 1, 1937. The tax lien of the defendant was levied after the town tax and before the school tax, liens for which are held by the plaintiff.

The question is as to the priority of these taxes.

It has been held that a county tax has no priority as such over a village tax. (*County of Nassau* v. *Lincer*, 254 App. Div. 746; affd., 280 N. Y. 662.) And that a town tax has no priority as such over a village tax. (*Hart* v. *Von Rotheim*, 209 App. Div. 904.) Since this latter case was decided, section 133 of the Village Law has been amended to provide that a village tax lien shall be sold subject to all unpaid taxes due the village, and to all taxes which become liens subsequent to the lien sold, etc.

This provision as to the liens of subsequent taxes is not expressly restricted to the liens of village taxes but this context indicates that to be the intent of the section. Under this construction of section 133 of the Village Law, the section does not apply to the tax liens held by the town.

When taxes levied by different municipalities are involved, the general rule applies that they are entitled to preference in the inverse order in which they are levied. (*Village of Garden City* v. *Roeder*, 254 App. Div. 747.)

It will, therefore, be held that the village tax lien held by the defendant has priority over the town tax lien held by the plaintiff, and is subordinate to the school tax lien held by the plaintiff. The plaintiff is entitled to judgment referring it to some suitable person to compute the amount due to the plaintiff for principal and interest on its tax liens, etc., and for distribution of the proceeds of the sale in accordance with this memorandum.