In the Matter of GUILD PROPERTIES, INC., Respondent, against "MARY" RAPPAPORT, Individually and as Ancillary Administratrix of the Estate of JETTIE ENGELBERG, Deceased, et al., Appellants.— Summary proceedings by purchaser at a tax sale to dispossess occupants of real property. Taxes were not paid for the year 1939. The property was sold on July 30, 1941. The county gave a deed of the premises to petitioner on September 18, 1944, which was thereafter recorded. More than three years having elapsed after the sale without any attempt to redeem, the title of the purchaser at the tax sale is absolute. (*Mabie* v. *Fuller*, 255 N. Y. 194.) Judgment and order affirmed, without costs. All concur. [See 271 App. Div. 758.]

DOROTHY QUALTIERI et al., Respondents, v. JOHN S. FERRARO et al., Copartners Doing Business under the Name of RAYMOND BEAUTY SHOPPE, et al., Appellants.— This is an action by husband and wife against defendants, the action of the wife being to recover damages for personal injuries and that of the husband for loss of services. The case was tried at the Ulster Trial Term, and the jury rendered a verdict in favor of the wife for $12,500, and for $250 in favor of the husband. On defendants' motion the trial justice directed that these verdicts be set aside unless the plaintiff wife stipulated to reduce her verdict to $7,500, and the plaintiff husband to $155. Plaintiffs stipulated to accept the verdicts as reduced but defendants have appealed and the plaintiff wife is now seeking to reinstate the jury's verdict pursuant to the provisions of section 584-a of the Civil Practice Act. The defendants concede negligence but urge the verdict is excessive and that the trial court erred in receiving in evidence a patch test of a substance used by defendants in the treatment of the plaintiff wife. We think no error was committed by the trial judge in this respect. We are also convinced that the verdict of $12,500 in favor of plaintiff wife was not excessive. The judgment in favor of the plaintiff wife is modified, on the law and the facts, by reinstating the jury's verdict, with costs in this court. The judgment in favor of the plaintiff husband for the reduced sum of $155 is affirmed, without costs. The orders appealed from are also affirmed. All concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ORLEY E. McDUFFEE, Appellant.— Defendant appeals from a judgment of conviction rendered upon the verdict of a jury, convicting him of rape in the second degree. The main question presented is whether, as a matter of law, there was a sufficiency of evidence corroborating the testimony of the prosecutrix to the commission of the offense charged. After a careful review of the record we are convinced that a sufficiency of such supporting evidence is found in the evidence of the acts and conduct of the accused subsequent to the date of the crime and before he was formally charged therewith. Defendant's complaint of an unfair trial because of misconduct of certain members of the trial jury, due to conversation between them during the trial, is insufficiently supported by credible evidence. Judgment of conviction affirmed. All concur. [See 271 App. Div. 760.]