RIVERHEAD ESTATES CIVIC ASSOCIATION, Plaintiff, v. HELENE C. GOBRON et al., Defendants.

County Court, Suffolk County, September 3, 1954.

*Solomon Raffe* for plaintiff.

*Nathaniel L. Goldstein, Attorney-General (Wendell P. Brown, Francis R. Curran* and *George Grau* of counsel), for Industrial Commissioner, defendant.

MUNDER, J. This is an action under article 15 of the Real Property Law, for the determination of claims to real property. The plaintiff purchased the premises in question on November 28, 1951, from the County of Suffolk. The county had acquired the title through a tax sale on November 23, 1948, for unpaid taxes for the year 1947–1948. The defendant, Industrial Commissioner of the State of New York, pursuant to section 573 of the Labor Law, caused a warrant for unpaid unemployment contributions to be docketed in the judgment docket of the Suffolk County Clerk on June 24, 1948, against the then record owner of the real property in question. These unemployment contributions assessed against an employer pursuant to the New York State Unemployment Insurance Law (Labor Law, art. 18) are taxes. (*W. H. H. Chamberlin, Inc.*, v. *Andrews*, 159 Misc. 124, mod. on other grounds, 271 N. Y. 1.)

Both plaintiff and the Industrial Commissioner have moved for judgment on the pleadings.

The plaintiff claims that section 53 of the Suffolk County Tax Act (L. 1920, ch. 311, as amd. by L. 1929, ch. 152; L. 1941, ch. 140) controls all sales for taxes in Suffolk County; that it supersedes the general State law (Tax Law, § 154); and that pursuant to the provisions of section 53 the deed of the County Treasurer conveys a clear and unencumbered title.

The Industrial Commissioner claims that section 154 of the Tax Law is applicable to sales in Suffolk County despite the special tax act; that it is not in conflict with section 53 of the Suffolk County Tax Act; that both sections must be read together and that the State's claims for taxes or liens or incumbrances survive the delivery of the County Treasurer's deed.

What gives rise to the present controversy is the fact that while both of these sections provide for the delivery by County Treasurers of deeds for unredeemed parcels of land sold at tax sale, section 53 of the Suffolk County Tax Act provides that the '' conveyance shall vest in the grantees an absolute estate in fee '' and says nothing more, whereas section 154 of the Tax Law provides that the '' Conveyance shall vest in the grantee an absolute estate in fee, subject, however, to all claims the county or state may have thereon for taxes or liens or incumbrances, and also subject to all easements or rights of way ''.

It is argued by the plaintiff that the term '' absolute estate in fee '' as used in section 53 of the Suffolk County Tax Act conveys an estate of inheritance, not only indefeasible and unconditional (Real Property Law, § 31) but also free from any liens or incumbrances. That this is not true is evident from the decision in *Tax Lien Co.* v. *Schultze* (213 N. Y. 9), which held that a tax sale does not extinguish easements of light, air and access, even though not referred to in the terms of sale. Such easements are incumbrances. (*Bibber* v. *Weber,* 199 Misc. 906.)

Private liens are cut off by a tax sale. (*Lee* v. *Farone,* 261 App. Div. 674.) Sovereign liens are not so extinguished. (*Intercounty Operating Corp.* v. *Terry,* 181 Misc. 362, and cases therein cited.)

Such preferment is now well settled in the law. It evolved from the ancient prerogative right of priority of the King. It belongs now to the State. (*Matter of Gruner,* 295 N. Y. 510, 522.)

In *Matter of Carnegie Trust Co.* (206 N. Y. 390, 397–398), the court said: '' Inasmuch, therefore, as the claims or moneys due the king, for the support and maintenance of the government, whether derived from taxes or other sources of income, were preferred over the claims of others, it follows that under the first subdivision of the provision of the Constitution of 1777,

quoted, such preference became a part of the common law of our state, and is so continued under our present Constitution."

Judge BRANDEIS, in *Marshall* v. *New York* (254 U. S. 380, 382) said: " The priority could be defeated or postponed only through the passing of title to the debtor's property, absolutely or by way of lien, before the sovereign sought to enforce his right ".

Judge CONWAY, in *Matter of Gruner* (*supra,* p. 524), quoted with approval the following from the English decision of *Giles* v. *Grover* (9 Bing. 128, 156): " ' If, however, the right of the subject be complete and perfect before that of the king commences, it is manifest that the rule does not apply, for there is no point of time at which the two rights are in conflict; nor can there be a question which of the two ought to prevail in a case where one, that of the subject, has prevailed already. But if whilst the right of the subject is still in progress toward completion, the right of the crown arises, it seems to me that the two rights do come into conflict together at one and the same time, and that the consequence in that case is that the right of the crown ought to prevail.' "

No statute is needed to create the prerogative right or to preserve it once it exists. It takes express legislation to extinguish the right. (*Commissioners of State Ins. Fund* v. *Dinowitz,* 179 Misc. 278.)

It appears then that the clause in section 154 of the Tax Law, saving the liens of the State or county, at least insofar as tax liens are concerned, is simply a restatement of the common-law rule. The absence of the clause from section 53 of the Suffolk County Tax Act, does not destroy the sovereign prerogative.

The claim of the Industrial Commissioner in the present case, having been perfected by the issuance and docketing of a warrant before the conveyance by the County Treasurer, it is a subsisting lien and not extinguished by the transfer of title. Nor was the county's tax claim, for default in the payment of which the sale was held and the subsequent deed given by the County Treasurer, superior to that of the State (*County of Nassau* v. *Lincer,* 165 Misc. 909, revd. 254 App. Div. 746, affd. 280 N. Y. 662; *Village of Garden City* v. *Roeder,* 165 Misc. 928, revd. 254 App. Div. 747, affd. 280 N. Y. 663).

It follows then that the motion of plaintiff for judgment on the pleadings must be denied and that of the defendant, Industrial Commissioner of the State of New York, as lienor, granted, without costs.