Burke I. Burke, J.
This is a motion for an order pursuant to rule 113 of the Rules of Civil Practice striking out the defenses interposed by the answer of the defendants to the complaint herein and granting summary judgment to the plaintiff.
The matter has its roots in a related foreclosure proceeding commenced in 1954, a lively year in which the New York Giants defeated the Cleveland Indians in four straight games to win the World Series; the Army-McCarthy hearings were held; the first atomic-powered submarine Nautilus was launched; Rosemary Clooney’s recording of ‘ Hey, There sold a million copies; and Leon H. Rubin filed a lis pendens on February 4 to foreclose a 1950 Erie County tax sale certificate.
It is to the series of events arising from Mr. Rubin’s action and the effect thereof that attention is directed today.
The Rubin tax sale foreclosure proceeded along its course until September 20, 1954, when a judgment of foreclosure and sale was granted. No sale occurred prior to November, 1954, when Erie County sold the 1954 county tax certificate for said premises to Rose Samuels, nor did one take place prior to November, 1955, when Erie County sold the 155 county tax sale certificate to the said Rose Samuels.
On May 23, 1957 the Rubin tax sale foreclosure proceeding reflected activity again in the form of a second County Court order providing for sale of the subject premises, and on July 15, 1957 a sale was had.
On August 1,1957 plaintiff applied for and obtained a County Court order directing the County Treasurer to cancel and discharge of record all taxes levied by Erie County to July 15, 1957. The late summer brought miscellaneous motions, and on September 3, 1957, filing of a lis pendens by Tri-County Realty Corporation, assignee of Rose Samuels, to foreclose the 1954 tax sale certificate cancelled by the August 1,1957 County Court order.
Now comes the Tri-County Realty Corporation praying that upon the pleadings herein, summary judgment be granted.
In the 1954 Rubin proceeding the plaintiff made parties all persons who then had liens on the premises, including the County of Erie and the holders of Erie County Tax sale certificates for taxes on the premises for the years through 1953. On August 19, 1954 a Referee in the foreclosure action was *1050 appointed and on September 28, 1954 this court granted an order directing that the premises be sold, as noted above, and that the Referee, after deducting the expenses of sale and the plaintiff’s costs, should pay from the proceeds of the sale all taxes and assessments which were liens upon the premises sold and which became such subsequent to the filing of the Us pendens and prior to the date of the sale, as well as all taxes and assessments for the nonpayment of which no sale had been had prior thereto; and the Referee further was directed to redeem the premises sold from any sales for unpaid taxes and assessments which might have been had subsequent to the filing of the lis pendens and which had not apparently become absolute. The Referee was directed to next pay from the balance of the proceeds of the sale, if any, the liens of the parties to the action and to pay over any surplus resulting to the County Treasurer, subject to disposition by further order of this court. The same order also directed the treasurer and assessors of the City of Buffalo and the treasurer of the County of Erie to cancel and satisfy of record all taxes, assessments and tax sale certificates remaining outstanding on their records against the sold premises, after the proceeds of sale had been applied as directed above.
The defendants in the present tax foreclosure action argue that Tri-County Realty Corporation through its assignor, Rose Samuels, is precluded from enforcing any lien on the premises sold on the grounds the Tri-County Realty Corporation’s lien accrued after the filing of the Us pendens in the original foreclosure action. Tri-County Realty Corporation takes the position that neither it nor its assignor was made a party to the foreclosure action and that, therefore, its rights cannot be said to have been foreclosed.
The determination of this question turns on the meaning of section 9-10.0 and section 9-12.0 of the Erie County Tax Act (L. 1942, ch. 812, as amd.). Section 9-10.0 provides as follows: ‘ ‘ § 9-10.0 Priority and payment of tax liens. The proceeds of such sale shall be distributed as follows:
“ (a) To the referee, the expense of such sale;
“ (b) To the plaintiff or his attorney the amount of the bill of costs;
“ (c) All taxes and assessments which are liens upon the real estate, but which have become such subsequent to the filing of the notice of pendency, or for the non-payment of which no tax sale has been had prior thereto, shall be paid in the inverse order of the time at which such taxes and assessments became liens;
*1051 “(d) All tax sale certificates against the real property which may have been issued subsequent to the filing of the notice of pendency shall be paid in the inverse order of the date of issuance of such certificates;
“(e) So far as such proceeds shall suffice to pay the same, the several amounts due to the plaintiff and the defendants in such action, including the county of Erie, on the tax sale certificates held by them against such real estate, with all interest, penalties, additions and expenses allowed by law, in the inverse order of the date of issuance of such tax sale certificates.”
Section 9-12.0 provides as follows: “ § 9-12.0 Referee’s deed conveys interest of all parties. The conveyance made pursuant to a judgment in any action brought as herein provided shall vest in the purchaser all right, title, interest, claim, lien and equity of redemption of all the parties to the action, and of all persons claiming under them or any or either of them subsequent to the filing of a notice of the pendency of the action, or whose conveyance or encumbrance is subsequent or is subsequently recorded, except subsequent taxes and assessments and tax sales on account thereof; and all such parties and persons shall be forever barred and foreclosed by the judgment in said action of all right, title, interest, claim, lien and equity of redemption in and to the premises sold, or any part thereof except as aforesaid. Such judgment shall direct that all tax liens owned or held by all of the parties to such action upon the property foreclosed be cancelled or satisfied on the records.”
It is settled that in Erie County priority of tax liens is in the inverse order of assessment. (Field v. Stalica, 290 N. Y. 181 [1943].)
Both the judgment in the original action and section 9-10.0 of the act contemplate that taxes Avhich became liens subsequent to the filing of the lis pendens should have absolute priority over all other prior taxes and that they should be satisfied first out of the proceeds of sale. This is consonant with the procedure established in section 164 of the New York State Tax Law. The only issue in this case is whether Tri-County Realty Corporation, in order to enforce its claim, can have recourse solely to the proceeds of sale, or whether it may enforce its lien against the premises in the hands of the purchaser.
The meaning of section 9-12.0 of the Tax Act appears to dictate the latter result. That section provides that the conveyance shall vest in the purchaser all interest of all of the parties to the action of all persons claiming under them subsequent to the filing of the notice of pendency of the action *1052 and of all persons whose conveyance or encumbrance is subsequent or subsequently recorded, ‘ except subsequent taxes and assessments and tax sales [sic] on account thereof ”. The word ‘ ‘ subsequent ’ ’ from the context of the section can refer only to the date of filing of notice of pendency of action. Accordingly, if claims based on taxes accruing after the date the lis pendens is filed are not satisfied out of the proceeds of the sale, the premises remain subject to a lien in this amount in favor of the holders of the tax sale certificates. This result is harmonious with the scheme of tax foreclosure created by the Erie County Tax Act, as well as that envisioned by the New York State Tax Law.
Subdivision (m) of section 164 of the New York State Tax Law provides: “ (m) The conveyance made pursuant to a judgment in any action brought under this title shall' vest in the purchaser all right, title, interest, claim, lien and equity of redemption in and against the lands sold (unless based upon unpaid installments of local assessments coming due after the date of the judgment or upon taxes becoming liens after such date) of all parties to the action, and of all persons whose right, title, interest, claim, lien or equity of redemption shall have accrued subsequent in time to the filing of the notice of the pendency of the action by assignment of an interest existing prior thereto from one of the parties to the action or any or either of them; and all such parties and persons shall be barred and forever foreclosed by the judgment in such action of all right, title, interest, claim, lien and equity of redemption in and to the lands sold or any part thereof (unless based upon unpaid installments of local assessments coming due after the date of the judgment or upon taxes becoming liens after such date) except that when the plaintiff is a tax district such plaintiff may elect that the premises shall be conveyed subject to any taxes, assessments or other legal charges which the plaintiff may specify equal or superior in right to those for which the property was forclosed and except that when the plaintiff is a private tax lien owner the conveyance shall be subject to all taxes, assessments or other legal charges of all tax districts which accrued subsequent to the taxes, assessments or other legal charges which were the subject of the action.” (Italics supplied. Added by L. 1939, ch. 692, § 2, eff. Oct. 1, 1939.)
Thus, the State Tax Act indicates that the premises were made subject to any taxes accruing after the lis pendens was filed. This result also is consonant with the procedure established for the foreclosure of a mortgage on real estate under the Civil Practice Act. Section 1087 of the Civil Practice Act *1053 provides that all outstanding liens for taxes and assessments shall be treated as expenses of the sale and paid first out of the proceeds of sale. Accordingly, tax lienors whose claims depend on taxes accruing subsequent to the institution of a foreclosure action are not necessary parties in the proceeding. (People v Hazen, 132 Misc. 639.)
The result reached in this case, therefore, is in accord with the County Tax Act, the New York State Tax Law and the general procedure for foreclosing real estate mortgages within the State. There is authority for the proposition that the local County Tax Act is to be construed with the Tax Act to the extent they are in accord. (Riverheights Estates Civic Assn. v. Gobron, 206 Misc. 405.)
The defendants in the foreclosure action contend that this result is contrary to the established practice in this area. It is a sufficient answer to their contention to point out that the foreclosure proceeding must be conducted in accordance with statutory mandates. The defendants also have argued that Tri-County Realty Corporation is foreclosed since under section 9-12.0 it is a person claiming under one of the parties to the action. The defendants thus argue that Tri-County Realty Corporation claims under the County of Erie since the County of Erie was made a party to the foreclosure action and subsequently sold 1954 and 1955 tax sale certificates to TriCounty Realty Corporation’s assignor. This argument is not persuasive in this context for the following reason: If Erie County had held two mortgages on the premises in question and had been made a party to a foreclosure action solely in its capacity as holder of the first mortgage, the assignee of the second mortgage would not be foreclosed by the appearance of the holder of the first mortgage. Upon reflection, it becomes apparent that the identity of the capacity of the party appearing is not the same, and this is the situation which existed in this foreclosure action, since the County of Erie was made a party to the foreclosure action on the basis of its tax liens for years preceding 1953 and not for tax years accruing thereafter.
Therefore, the answer is ordered stricken, and the clerk is directed to enter judgment for the plaintiff for the relief demanded in the complaint.
An order may be submitted accordingly.