Alexander W. Kramer, J.
This is an action brought by petitioner to obtain possession of certain premises pursuant to subdivision 4 of section 713 of the Eeal Property Actions and Proceedings Law of the State of New York.
The premises in question are, situate in the Town of Huntington, County of Suffolk and State of New York. They are designated as Lot 17 in Map of 36 lots at Northport, Clarence A. Conklin, filed in the Suffolk County Clerk’s office on October 25, 1907, as Map No. 360.
The respondent, Herman Smith, acquired title thereto by virtue of the deed executed in his favor by Mollie Lowy — said deed having been dated November 29, 1957, and having been recorded in the Suffolk County Clerk’s office on December 10, 1957, in Liber 4402 of Deeds at page 358.
Prior thereto title to said premises had vested in Alvin A. Lowy and Mollie Lowy, his wife, by virtue of the deed executed in their favor by Stephen M. Meagher and Margaret Meagher, his wife — said deed having been dated July 27, 1951, and recorded in the Suffolk County Clerk’s office on August 1, 1951, in Liber 3246 of Deeds at page 18.
The afore-mentioned Alvin Lowy died on October 18, 1955, approximately two years prior to the date of the conveyance from Mollie Lowy to Herman Smith.
The premises were sold in November, 1958, by the Treasurer of Suffolk County for unpaid 1957-58 taxes. After the period of redemption prescribed in the Suffolk County Tax Act had expired, they were conveyed to the petitioner by the County of Suffolk by deed dated January 10, 1962, and recorded in the Suffolk County Clerk’s office on January 19, 1962, in Liber 5114 of Deeds at page 66. The description contained in said deed is as follows:
“ The following lot is subdivided tract designated as Map of 36 lots at Northport, Clarence A. Conklin, Map 360.
Assessed to Lots Block
A. A. Lowy & W 17, Bldg.
Petitioner caused a notice to quit to be served upon the respondent Herman Smith, on or about the 15th day of October, *286 1964. Neither respondent having vacated pursuant to such notice, the instant proceeding was commenced by petitioner on or about the 18th day of November, 1964, by service of copies of the petition and notice of petition on the respondent, Herman Smith.
Respondents have interposed an answer, which — inter alia — alleges as an affirmative defense that (1) the notice of sale published by the County Treasurer was defective in that it listed the name of the owner of the parcel as A. A. Lowy; and (2) that said notice of sale was defective in that the County Treasurer failed to serve notice upon the owner and occupants of the land by personal service or by service through the United States mail.
The sole issue to be determined in this proceeding is: “Is petitioner entitled to possession of the premises in question? ”
In order to determine that issue, as will subsequently appear, the material contained in various sections of the Suffolk County Tax Act will have to be considered.
The Suffolk County Tax Act was enacted by chapter 311 of the Laws of 1920, effective April 22, 1920. It is “ an act in relation to the assessment and collection of taxes in Suffolk county ” it — rather than the Tax Law (now the Real Property Tax Law) — controls the sale of property for unpaid taxes in Suffolk County.
The execution and delivery of the deed by the County of Suffolk to the petitioner raises a presumption of regularity. (Suffolk County Tax Act, § 53; L. 1920, ch. 311, as amd. by L. 1929, ch. 152.)
Petitioner was authorized and empowered to bring the present proceeding, seeking possession. (Suffolk County Tax Act, § 47.)
The remedy is pursuant to subdivision 4 of section 713 of the Real Property Actions and Proceedings Law.
This court has jurisdiction with respect to such proceedings. (UDCA, § 204.)
The petitioner having received the tax deed to the premises; a presumption of regularity having been created with respect thereto (Suffolk County Tax Act, § 53); and petitioner having demonstrated the right to institute these proceedings (Suffolk County Tax Act, § 47) — has there been anything raised by respondents sufficient to rebut the presumption of petitioner’s right to possession?
The first issue indicated in respondents’ behalf addresses itself to the sufficiency of the notice of sale. Said notice described the premises as:
*287 “ Map of 36 lots at Northport, Clarence A. Conklin Map 360, Filed in Suffolk County Clerk’s office October 25, 1907 A. A. Lowy & W, 17, bldg.., .164.21 ”
The defect alleged is the fact that the name of the owner was listed as A. A. Lowy rather than Herman Smith. This — -per se —is insufficient.
In Dillwood Corp. v. Manning (184 Misc. 1067) the owner of the property in 1921 was Mary P. Hamlin. The property was conveyed to the plaintiff, Dillwood Corporation, in 1935. The 1937-38 assessment roll indicated the property to be assessed to Mary P. Hamlin. There was a sale in 1938 for 1937-38 taxes. Upon attack, the court held the sale valid. It said (pp. 1070, 1071):
‘ ‘ The test to be applied, therefore, is whether the description used by the assessors is sufficiently definite to convey to the owner the fact that it is Ms property that is being assessed.”
“ The assessment roll bore the name of the owner as Mary P. Hamlin. It gave the correct school district number, the correct locality, the correct acreage and the correct character of the property.”
Where the plaintiff’s sole objection to the assessment was the fact that the owner designated was an estate and raised no question as to the description, the court held the attack, without merit, and dismissed the complaint. (Great Riv. Realty Corp. v. Davis, 158 N. Y. S. 2d 201.)
In this case the description is sufficient. The premises comprise a lot on a filed map. The name and file number of the map are stated; the lot number is indicated. Certainly, had the respondent read the notice, he should have been prompted to expostulate: “ They are selling my house! ”
When the tax roll for the year in question was compiled, Lowy was the owner of record. That is all that was required by the controlling statute (Suffolk County Tax Act, § 43).
The other claimed defect was the alleged failure of the County Treasurer to serve notice upon the owner and occupants by personal service or by service through the United States mail. At the trial, the following testimony was adduced:
“ Q. As attorney of Mohar or as agent, did you at any time prior to the service of Notice to Quit on October 15, 1964 serve any notice upon the respondents herein with relation to the tax sale? A. Specifically — Answering your question specifically, I had discussed with the respondents before the service of Notice to Quit the fact that Mohar did have a tax deed.
“ Q. Do you have any idea when this discussion took place? A. Oh, tMs took place sometime the latter part of August.
*288 “ Q. Of 1964? A. ’64.
‘ ‘ the court : To understand the answer to the question, the question was: Did the petitioner or anybody acting on behalf of the petitioner serve any notice to the respondents concerning the tax sale prior to Petitioner’s exhibit 2?
“the witness: I didn’t understand that he referred to the tax sale.
“Q. Yes, I referred to the tax sale. A. No, there was no service of anything on it.
“the court: This was the first notice that was served on the respondents?
“ the witness: Yes, Your Honor.”
The court finds it difficult to understand the thought motivating the initial question. If reference was had to the first part of section 52 of the Suffolk County Tax Act, we should then look to the provisions of the general tax law. Section 134 of the Tax Law provided for service of notice upon occupants personally or by leaving same at the occupant’s dwelling house with persons of suitable age and discretion, etc. However, the purpose for such notice was to reduce the period of redemption. The Tax Law provided for no other notice to occupants for any other reason. Section 134 of the Tax Law is now subdivision 2 of section 1022 of the Real Property Tax Law.
This was particularly pertinent in 1920 when the Suffolk County Tax Act was enacted. At that time there were two different periods of redemption: three years for unimproved property and five years for improved property.
Section 134 of the Tax Law prior to 1949, provided for actual notice to occupants. Then — in 1949 — section 134 was amended by chapter 800 of the Laws of 1949. The period of redemption in Suffolk County had then been uniformly made three years — whether the property was improved or unimproved. The giving of notice to occupants was made permissive if the tax sale purchaser wished to reduce the prescribed period of redemption.
In the ease now before the court the prescribed three-year period of redemption ran. There was no allegation — much less proof — that same had been shortened. The burden was upon the respondents to affirmatively demonstrate an irregularity. This they failed to do. The presumption of regularity raised by section 53 remains unchallenged.
Nothing, therefore, having been indicated upon the part of the respondents sufficient to defeat petitioner’s presumptive right of possession — as much as the court may sympathize with the respondents — judgment must favor the petitioner,