ROCCA J. SEGAR et al., Appellants, v GEORGE W. YOUNGS et al., Respondents.

Third Department, July 21, 1977

*John Oliver,* III, for appellants.

*Nelson, Nelson & O'Donnell (David S. Nelson* of counsel), for Virginia Reuss, respondent.

*Case & Leader (Robert J. Ayling* of counsel), for Village of Gouverneur, respondent.

MAHONEY, J. Plaintiffs purchased a tax sale certificate on the subject property on October 20, 1972. On January 21, 1976 the property was conveyed to plaintiffs by the Treasurer of St. Lawrence County. Defendant McCormack purchased a tax sale certificate at a village tax sale on February 5, 1972 for unpaid 1971 village taxes. The Village of Gouverneur purchased a tax sale certificate for unpaid 1973 village taxes. Defendant Reuss did the same on March 13, 1975 for unpaid 1974 village taxes. On February 11, 1975 defendant Youngs obtained a judgment of foreclosure and sale against the second owner. No sale was conducted pursuant to the judgment, but a notice of sale was served upon plaintiffs on December 9, 1975. The sale was enjoined by order of the Supreme Court, dated February 23, 1976, and motions were made within the context of an action to clear title to the premises (Real Property Actions and Proceedings Law, art 15), resulting in the order from which this appeal is taken.

Since defendant Porter, the second owner who had failed to redeem any of the purchased tax liens (Real Property Tax Law, § 1010), and defendant McCormack failed to answer or otherwise appear in the action, Special Term was correct in granting plaintiffs' motion for summary judgment with respect to their interests in the realty. Defendant Youngs, a mortgagee, did not file a notice of appeal from the order entered below.

Special Term erred in denying plaintiffs' motion with respect to the lien interest of defendant Reuss. Subdivision 1 of

section 1020 of the Real Property Tax Law provides that a conveyance by the County Treasurer vests in the grantee an absolute estate in fee, subject only to all claims of the county or State for tax liens or other encumbrances. The other statutory exceptions (Real Property Tax Law, § 1022 [actual occupancy of the subject realty]; Real Property Tax Law, § 1024 [holder of recorded mortgage at time of sale]), not being applicable to defendant Reuss, the conveyance to plaintiffs extinguished any interest in the subject realty owned by Reuss prior to the sale *(Matter of Guild Props. v Rappaport,* 270 App Div 1067). This court, in *Lee v Farone* (261 App Div 674, 676, affd 288 NY 517), stated that "Under a valid tax deed from the time of its delivery the purchaser is clothed, not merely with the title of the person who had been assessed for taxes, and had neglected to pay them, but with a new and complete title in the land, under an independent grant from the sovereign authority, *which bars and extinguishes all prior titles and incumbrances of private persons and all equities arising out of them"* (citations omitted) (emphasis supplied). It has long been established that while sovereign liens are preferred, private liens are cut off by a tax sale *(Riverhead Estates Civic Assn. v Gobron,* 206 Misc 405, 406). Such a preference is not, as stated by the dissent, inequitable arbitrary or an unconstitutional taking of property without due process of law. In *Matter of Carnegie Trust Co.* (206 NY 390, 397-398) the court said: "Inasmuch, therefore, as the claims or moneys due the king, for the support and maintenance of the government, whether derived from taxes or other sources of income, were preferred over the claims of others, it follows that under the first subdivision of the provision of the Constitution of 1777, quoted, such preference became a part of the common law of our state, and it so continued under our present Constitution." Lastly, on this point, it is irrelevant that defendant Reuss purchased her tax sale certificate from the village which itself had previously bought the lien at a tax sale. It is still a private lien.

Special Term was correct in denying summary relief against the Village of Gouverneur and in granting such relief to the village on its cross motion. While subdivision 1 of section 1020 of the Real Property Tax Law states that "A conveyance by the county treasurer * * * shall vest in the grantee an absolute estate in fee, subject, however, to (a) all claims of the *county* or *state* for taxes, liens or other encumbrances" (em-

phasis supplied), it does not follow that the Legislature intended that tax sale grantees take conveyed property free of the liens of all governmental entities, other than the "county" or "state". In *City of Rochester v Kapell* (86 App Div 224, affd 177 NY 533), it was held that city taxes were not cut off by a county tax sale, albeit the court was interpreting a municipal charter rather than section 1020 or its predecessors, sections 154 and 155 of the Tax Law. In *City of Rochester v Kapell* (p 226) the court stated "This construction in effect results in the principle that no individual can secure a perfect tax title to real property, purchased upon tax sales, without paying all taxes thereon, imposed by any political subdivision of the State. This is a reasonable and salutary doctrine". We agree. Municipal tax sales, provided for by statute at various levels of government, are in essence budgetary provisions that enable the respective municipality to realize by sale of tax sale certificates the uncollected taxes for the year involved, and thereby carry out budgetary expenditures and protect municipal borrowing credit. The statutory scheme allows liberal time for redemption by the tax defaulter and charges interest upon redemption that is payable to the certificate holder. Such a salutary statutory scheme should not be frustrated by permitting municipal liens to be extinguished when the property is conveyed by the municipality to the holder of a tax sale certificate (cf. *County of Nassau v Lincer*, 165 Misc 909, revd 254 App Div 746, 760, affd 280 NY 662).

The order should be modified, on the law, by reversing so much thereof as denies summary judgment to plaintiffs against defendant Reuss, and, as so modified, affirmed, without costs.

GREENBLOTT, J. P. (dissenting). We dissent. We disagree with the majority's granting of plaintiffs' motion with respect to the lien interest of defendant Reuss.

Plaintiffs' argument that the lien imposed by the defendant Reuss' tax sale certificate is extinguished when the county tax sale deed was issued is inequitable. Village certificate holders must wait two years from the date the certificate was issued before they can foreclose or make application for a deed (see Real Property Tax Law, § 1464). Defendant Reuss purchased her village tax sale certificate on March 13, 1975. Pursuant to the terms of the statute, she would not be entitled to a village tax deed for a period of more than two years from that date. Plaintiffs received their tax deed on January 1, 1976. To deny

the defendant Reuss her right to payment of the amount of her tax certificate for unpaid taxes under these circumstances is not only inequitable, but in our opinion the majority's interpretation of subdivision 1 of section 1020 of the Real Property Tax Law constitutes an illogical, unrealistic and erroneous interpretation. The majority is willing to construe the statute to find that a village tax lien survives, even though such a substantive right is not specifically provided for in the statute, but is not willing to extend this protection to Reuss, the individual purchaser of a village tax certificate, although Reuss' lien derives from the village's tax liens. If the lien of the village does indeed survive, notwithstanding statutory language to the contrary, then the conclusion that the rights of a successor in interest to the village do not survive is in our view purely arbitrary.

KANE and MAIN, JJ., concur with MAHONEY, J.; GREEN-BLOTT, J. P., and SWEENEY, J., dissent and vote to affirm in an opinion by GREENBLOTT, J. P.

Order modified, on the law, by reversing so much thereof as denies summary judgment to plaintiffs against defendant Reuss, and, as so modified, affirmed, without costs.