OPINION OF THE COURT
 

 Fuchsberg, J.
 

 In this action to quiet title, brought pursuant to article 15 of the Real Property Actions and Proceedings Law, we are called upon to decide whether village tax liens are extinguished by the conveyance of a county tax deed under section 1020 of the Real Property Tax Law. We hold they are.
 

 The property to which the tax liens in question attached is located in the Village of Gouverneur, County of St. Lawrence. In October, 1972, plaintiffs Segar and Oliver bought tax sale certificates covering certain village and county taxes on the property then in default. Subsequently, the property having fallen into arrears on 1973 taxes as well, the village failed to sell the tax sale certificate issued for that period and therefore retained ownership of it. Still later, on March 13, 1975, it sold defendant Reuss a certificate for unpaid village taxes for 1974.
 

 Meanwhile, in February, 1975, the defendant Youngs, who
 
 *571
 
 held a mortgage on the property, had obtained a judgment of foreclosure and sale against its record owner. Segar and Oliver learned of the impending sale, whereupon they, as holders of county tax certificates on the property, applied for and received a county treasurer’s deed as provided by section 1018 of the Real Property Tax Law. Having obtained title, they then promptly commenced this action, pending the outcome of which the sale has been withheld.
 

 The case now comes to us in the following procedural context:
 

 Special Term granted the plaintiffs’ motion for summary judgment against Youngs, the mortgagee, but denied relief against both lienors, Reuss and the village. Holding that the village’s liens were not extinguished by the county tax sale or tax deed, the court proceeded to grant the village’s affirmative motion for summary judgment. On appeal, a closely divided Appellate Division modified. The majority was of the opinion that, although the publicly held village interest survived, the one privately owned by Reuss did not. The dissenters would have found Reuss’ liens entitled to the same preference as those of the village. Reuss alone now appeals to this court.
 

 We believe an affirmance is required, but for the reasons which follow:
 

 Subdivision 1 of section 1020 of the Real Property Tax Law provides: "A conveyance by the county treasurer [of a deed to real property sold for nonpayment of taxes] shall vest in the grantee an absolute estate in fee, subject, however, to (a) all claims of the
 
 county or state
 
 for taxes, liens or other encumbrances” (emphasis ours). By its plain language, this section permits the survival of county or State liens, but not claims of a municipal taxing authority. That the Legislature knew how to give preferential treatment to village tax liens when it intended to do so is demonstrated by subdivision 3 of section 1464 of the Real Property Tax Law, which allows village treasurers to convey deeds to tax delinquent real property within their jurisdictions and to thus "vest in the grantee an absolute estate in fee, subject however, to all claims the
 
 village, county
 
 or
 
 state
 
 may have thereon for taxes, liens or encumbrances”. The conscious parallelism between section 1020 and section 1464 strongly suggests that the limitation to "county or state” specifically incorporated in the former was deliberate. Each statute should, therefore, be read for what its unambiguous words say, no more and no less.
 

 
 *572
 

 City of Rochester v Kapell
 
 (86 App Div 224, 225, affd on opn below 177 NY 533) is not to the contrary. That case did not involve present section 1020 of the Real Property Tax Law, but its predecessor statute. Notably, the earlier one did not speak either in the precise terms of "county or state” or of "village, county or state”. "Village”, "county” and "state”, of course each represent a well-recognized governmental entity discretely referred to not only in our statutes, but in as fundamental a document as our State Constitution (art IX, § 3, subd [d], par [2]). Moreover, the old statute did more than merely fail to include the phrase "county or state” within its text. It provided instead that tax deeds were to be subordinate to "all the claims which
 
 the People of this State
 
 may have thereon, for taxes, or other liens, or incumbrances” (emphasis ours). From the proclamation of America’s Declaration of Independence down there has hardly been a more comprehensive term by which to describe broadly the concept of our Government as a whole than "the People” (see, e.g.,
 
 United States v Quincy,
 
 31 US 445;
 
 United States v Trumbull,
 
 48 F 99). The more parochial nature of a village is also self-evident. Thus, to have ruled, as the Appellate Division did in
 
 Kapell,
 
 that under the old statute taxes due a city were a claim of "the People” of the entire State, was by no means to say that under the present statute taxes due a village are the same as those due the "county or state”.
 

 Similarly, neither
 
 County of Nassau v Lincer
 
 (254 App Div 746, 254 App Div 760, affd 280 NY 662) nor
 
 Incorporated Village of Garden City v Roeder
 
 (254 App Div 747), both relied on to support the result below, is apt. Each of them interpreted a statute other than the one before us, i.e., the then Nassau County Tax Act.
 

 Consequently, we conclude that the interests of the Village of Gouverneur did not survive the county tax deed granted to the plaintiffs. And, since the rights of the defendant Reuss were derived from those of the village, her liens were also extinguished by the grant.
 

 Therefore, we would ordinarily have been required not only to affirm so much of the order appealed from as sustained the judgment against Reuss, but to modify it so as to set aside the judgment insofar as it favored the village. However, since the plaintiffs did not seek leave to appeal from that part of the order affecting the village, we may not disturb it (Cohen and
 
 *573
 
 Karger, Powers of the New York Court of Appeals, § 180, p 674;
 
 Matter of Horner,
 
 237 NY 489 [Cardozo, J.]).
 

 Accordingly, the order should be affirmed, but without costs.
 

 Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler and Cooke concur.
 

 Order affirmed.