OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
*926 Appellant, Kings Park Butcher Shop, Inc., acquired title to a parcel of land located in the City of Long Beach by virtue of a tax sale deed issued March 23, 1977 by the Nassau County Treasurer. Appellant claims title was thus free and clear of all tax liens, but respondent, the City of Long Beach, has asserted claims for city tax liens accruing before issuance of the County Treasurer’s deed. Contending that it should be liable only for city tax liens that accrued after March 23, 1977, appellant commenced this action to quiet title under RPAPL article 15. Special Term granted summary judgment for respondent, declaring that the tax deed did not extinguish its tax liens. The Appellate Division unanimously affirmed, and granted appellant leave to appeal to this court.
Administrative Code of Nassau County § 5-53.0 (L 1939, ch 272), the governing statute (see, First Tower Corp. v French, 45 AD2d 147, 150; Matter of Mohar Realty Co. v Smith, 50 Misc 2d 284, 286, affd 53 Misc 2d 453, affd 28 AD2d 826), provides in relevant part: “If [a] tax lien is not satisfied, the county treasurer shall execute to the holder of [the] certificate of sale of the tax lien a conveyance of the real estate on which the tax lien has been sold. This conveyance shall vest in the grantee an absolute estate in fee, subject to all claims which the county may have thereon for tax or other liens or incumbrances.”
County of Nassau v Lincer (280 NY 662, affg 254 App Div 760), decided under the predecessor to section 5-53.0 of the Administrative Code, controls this case. In Lincer, we held that a tax deed issued by the Nassau County Treasurer pursuant to Nassau County Tax Act § 93 (L 1919, ch 154) did not extinguish a lien for village taxes and assessments (see also, Village of Garden City v Roeder, 280 NY 663, affg 254 App Div 747). Similarly, in City of Rochester v Kapell (177 NY 533, affg 86 App Div 224), again involving a special tax law, the court rejected as unreasonable a statutory construction like that urged by appellant: “[T]he Legislature * * * could not have intended that a sale for taxes by one division should cut off and nullify sales made by other divisions for their taxes. The more reasonable construction of this section is one that preserves all liens for taxes, whether State, county, town or city.” (86 App Div, at pp 225-226.) While appellant contends that Segar v Youngs (45 NY2d 568) compels a contrary result, as we stated in Segar (id., at p 572) that case dealt with an entirely different enactment — Real Property Tax Law § 1020 (1) — and is therefore inapplicable.
Accordingly, notwithstanding the absence of any specific reference to city tax claims in Administrative Code of Nassau *927 County § 5-53.0, respondent’s claims were not extinguished by the County Treasurer’s tax sale deed.
Chief Judge Wachtler and Judges Jasen, Meyer, Simons, Kaye and Alexander concur.
Order affirmed, with costs, in a memorandum.