■ In the Matter of JANIYAH T., a Child Alleged to be Neglected. NYREE T., Appellant; ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent. [973 NYS2d 18]—

Order of disposition, Family Court, New York County (Susan K. Knipps, J.), entered on or about April 11, 2012, which, upon a fact-finding determination that respondent neglected her child by failing to ensure that the child was not exposed to sexually explicit materials and by failing to secure an adequate evaluation after being advised of the child's extreme sexualized behaviors, placed the child in the custody of the Commissioner of Social Services until completion of the next permanency hearing, unanimously affirmed, without costs.

The findings of neglect based upon exposure to sexually explicit material and failure to provide appropriate care and supervision by refusing to take steps to protect the child from suspected sexual and physical abuse were sufficiently supported by a preponderance of the evidence (*see Matter of Nicole V.*, 71 NY2d 112, 117-119 [1987]; *Matter of Joshua J.P. [Deborah P.]*,

105 AD3d 552 [1st Dept 2013]; *Matter of Selena R. [Joseph L.]*, 81 AD3d 449, 450 [1st Dept 2011], *lv denied* 16 NY3d 714 [2011]; Family Ct Act §§ 1012 [f] [i]; 1046).

The child informed investigators that she had watched pornographic DVDs with the mother on multiple occasions, which statement was adequately corroborated by the psychologist's opinion that a child would not exhibit the extreme sexualized behavior at issue here, without having either learned, seen, or experienced it (*see Matter of Nicole V.*, 71 NY2d at 118-119; *Matter of Selena R.*, 81 AD3d at 450; *Matter of Shirley C.-M.*, 59 AD3d 360, 360-361 [1st Dept 2009]).

Finally, the excessive corporal punishment count that was dismissed by the court is beyond the scope of this appeal because neither Administration for Children's Services nor the attorney for the child took an appeal from the subject order (*see Hecht v City of New York*, 60 NY2d 57, 61 [1983]; *McHale v Anthony*, 41 AD3d 265, 266-267 [1st Dept 2007]), and the mother was not aggrieved by that portion of the order (*see Segar v Youngs*, 45 NY2d 568, 572-573 [1978]; *Stark v National City Bank*, 278 NY 388, 394 [1938]). Concur—Friedman, J.P., Moskowitz, Richter, Manzanet-Daniels and Gische, JJ.