■ HENRY T. DROMGOOLE et al., as Administrators of the Estate of LEE J. DROMGOOLE, Deceased, Respondents, v. ALVIN J. WHITE, as Treasurer of Madison County, et al., Defendants, and DAVID CAMPBELL et al., Appellants. BANK OF ST. LOUIS, Respondent, v. ALVIN J. WHITE, as Treasurer of Madison County, et al., Defendants, and DAVID CAMPBELL et al., Appellants.— Appeal from a judgment of the Supreme Court, Madison County, after a trial without jury, declaring void a tax deed from the Madison County Treasurer to appellants and awarding ownership and possession of the property in dispute to respondents. The court below has based its determination on the grounds that the preponderance of the evidence indicated that posting of tax collection notices at five public places as required by then section 69 of the Tax Law had not been complied with during the year 1953. In the absence of such compliance the defect would be jurisdictional in nature and the tax deed should properly have been voided. (*Werking* v. *Amity Estates*, 2 N Y 2d 43, cert. den. 353 U. S. 933, 989.) Appellants contend that respondents' evidence did not overcome the presumption of regularity which exists in proceedings of this nature and that in any event the preponderance of the evidence favors their position. The presumption here involved simply shifts the burden of going forward from the party claiming under the tax deed to the party seeking to void it (*Werking* v. *Amity Estates, supra*, p. 48). " Such a presumption is not evidence but serves in place of evidence until the opposing party comes forward with his proof, whereat it disappears. It has no weight as evidence and is never to be considered in weighing evidence." (*People ex rel. Wallington Apts.* v. *Miller*, 288 N. Y. 31, 33.) In our opinion respondents' evidence was sufficient to overcome any presumption of regularity here involved. Appellants' contention that the preponderance of the evidence indicates that the tax notices were, in fact, posted in 1953 is more difficult to resolve. The main thrust of appellants' argument is that they should prevail since respondents' proof is negative in character, i.e., that at various public places where tax notices would normally have been posted none were present in 1953, while their evidence consisted of positive testimony that notices were, in fact, posted. The very nature of the respondents' petition, however, necessitates such a negative approach. The court below was not compelled to accept or to give greater weight to the testimony of appellants' witnesses, especially to the testimony of Clark Campbell in view of his relationship to appellant, David Campbell. The record would indi-

cate that the number of places at which the tax notices involved could have been properly posted is limited, and we find the determination of this admittedly close case to depend in the final analysis on the weight and credibility to be assigned to the testimony of the various witnesses. The Trial Judge viewed the witnesses, heard their testimony and decided the questions of fact. We do not feel that his determination should be disturbed. Judgment unanimously affirmed, with costs. Present — Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ.