INTERCO REALTY CORPORATION, Appellant, v ROSE PERKINS, Respondent.

Fourth Department, October 31, 1975

*Hill & Cook, P. C. (George V. Cook* of counsel), for appellant.

*John E. Garland (Victor J. Herschdorfer* of counsel), for respondent.

MAHONEY, J. In this action pursuant to article 15 of the Real Property Actions and Proceedings Law, plaintiff, Interco Realty Corp., appeals from an order of Supreme Court, Special Term, Onondaga County which denied plaintiff's motion for summary judgment, granted cross motion of defendant, Rose Perkins, permitting amendment of answer alleging an affirmative defense and counterclaim and granting summary judgment in favor of defendant annulling and setting aside a certain tax sale certificate and ensuing tax deeds.

Defendant Perkins has owned and continuously occupied the subject premises situate in the Town of Salina, Onondaga County, since 1951 and was the owner of record on January 1, 1965. In connection with the levy and collection of real property taxes for the year 1965 the Receiver of Taxes for the Town of Salina, although he published the legal notices of receipt of tax rolls as required by section 920 of the Real Property Tax Law, concededly did not post notice of such receipt as is also required by section 920 of the Real Property Tax Law. Defendant Perkins failed to pay the real property taxes due on the subject premises for the year 1965. As the result of such nonpayment, after having been duly noticed a sale of the premises was held by the County of Onondaga on October 1, 1965 at which sale the County of Onondaga purchased the tax sale certificate therefor. The redemption notice specifying October 2, 1967 as the last day to redeem was thereafter duly published with no redemption being made within the time so prescribed. On December 14, 1967 the Onondaga County Commissioner of Finance, for consideration received, assigned the tax sale certificate to plaintiff's predecessor in title. On March 18, 1969 the Onondaga County Commissioner of Finance executed and delivered to plaintiff's predecessor in title a tax deed conveying title to the subject premises, which deed was recorded that day. A correcting deed was thereafter executed and recorded on July 25, 1969. Plaintiff's predecessor in title on May 30, 1972 conveyed all its title to plaintiff. Plaintiff's action was thereafter commenced against defendant Perkins by service of a summons and complaint on July 26, 1972. Following service of an amended complaint and an amended answer thereto on behalf of defendant Perkins limited to general denials, plaintiff moved for summary judgment, contending that its title to the subject premises was now unassailable and paramount to defendant Perkins' and citing section 10 of chapter 690 of the Laws of 1937 (Onondaga County Tax Act), which section provides that after recording of a tax deed as received by plaintiff's predecessor in title, the presumption of regularity of all proceedings in connection therewith shall be absolute with all claims against, interest in or right or title of all occupants and others interested in the land being forever barred. By cross motion defendant Perkins moved for leave to amend her answer and for judgment in her behalf, submitting a proposed amended answer, verified in August, 1974, containing an affirmative

defense and counterclaim seeking invalidation of the tax deeds upon which plaintiff premises its title by reason of an alleged jurisdictional defect in the tax sale proceeding because of the tax receiver's failure to post notice of receipt of the tax rolls for the tax year 1965 as required by section 920 of the Real Property Tax Law.

Special Term, citing *Werking v Amity Estates* (2 NY2d 43), recognized that the failure of a tax receiver to post notice of receipt of tax rolls constitutes a jurisdictional defect warranting cancellation of a tax deed despite any statutory provision of presumption of regularity, if timely asserted. However, citing *Kiamesha Development Corp. v Guild Props.* (4 NY2d 378), Special Term characterized the instant jurisdictional defect as being of "insufficient serious nature as to overcome the conclusive presumption of regularity prescribed by section 10 of the Onondaga County Tax Act"; and inferentially categorized the nature of the defect as requiring assertion within two years of the recording date of the challenged deed. For reasons hereinafter set forth, such determination barring defendant's assertion as being untimely was in error. Nevertheless, Special Term did perceive an infirmity in the tax sale proceeding predicated on section 6 of the Onondaga County Tax Act, limiting the Commissioner of Finance's authority for sale and assignment of certificates of sale of lands bid in for the county to the time before the expiration of the period of redemption; and, correctly concluded that the ensuing tax deeds were void with challenge thereto timely asserted, being within six years of the deed's recorded date as provided under the time limitation provision of CPLR 213. On such basis summary judgment was granted defendant Perkins, with which we are in accord.

For clarification of our affirmance herein, we feel constrained to review the issues raised on this appeal. Sales of tax certificates and conveyances of tax deeds with respect to real property located in Onondaga County are governed by a special Onondaga County Tax Act (L 1937, ch 690, as amd by L 1939, ch 432; L 1943, ch 710; L 1949, ch 843; L 1961, ch 263; L 1964, ch 768; L 1967, ch 677; and L 1971, ch 1092), as opposed to the provisions of article 10 of the Real Property Tax Law. The Onondaga County Tax Act, section 10 thereof, provides that a tax deed of conveyance by the County Treasurer (now Commissioner of Finance) shall be conclusive evidence that the sale was regular and presumptive evidence

that all proceedings prior and subsequent to such sale from and including the assessment of lands and all notices required by law to be given, published or served previous to the expiration of the time allowed for redemption, were regularly given, published and served. Said section 10 further provides that after the date of recording of the deed such presumption shall be conclusive and the land and conveyance thereof shall become absolute, and the occupant and all others interested in the land forever barred from all liens upon, claims against, interest in or right or title thereto. The Court of Appeals in *Werking v Amity Estates* (2 NY2d 43, *supra*), in construing a similar provision of the prior Tax Law (Tax Law, § 131), held that such language making title absolute and the presumption of regularity conclusive, as not having application where the tax roll is void because of a jurisdictional defect; and further determined that the failure to post notice of receipt of tax rolls in accordance with the statute results in a jurisdictional defect. In *First Tower Corp. v French* (45 AD2d 147, 151) we considered section 10 of the Onondaga County Tax Act in accordance with *Werking (supra),* and determined that said section did not bar a jurisdictional defect challenge to a tax deed by reason of the tax receiver's failure to post notice of receipt of the tax roll. Special Term, therefore, properly determined that defendant Perkins' proposed affirmative defense and counterclaim, alleging noncompliance with the posting provision of section 920 of the Real Property Tax Law, asserts a viable challenge to the tax deeds in question, notwithstanding section 10 of the Onondaga County Tax Act. However, Special Term's further inferential determination that such challenge would be foreclosed if not asserted within two years of the recording date of the deed was in error. It would appear that such conclusion was premised upon its interpretation of *Werking (supra)* and *Kiamesha Development Corp. v Guild Props.* (4 NY2d 378, *supra).* Such interpretive conclusion overlooks a vital distinction. In *Werking (supra)* and *Kiamesha (supra)* provisions of section 1020 of the Real Property Tax Law were there applicable. Subdivision 3 thereof provides as follows: "3. Every such conveyance shall be presumptive evidence that the sale and all proceedings prior thereto from and including the assessment of lands sold, and that all notices required by law to be given previous to the expiration of the time allowed by law for the redemption thereof, were regular and in accordance with all the provisions of law relating thereto. After two years from the date of

the record of such conveyance such presumption shall be conclusive; provided, however, that any such conveyance shall be subject to cancellation by reason of (a) the prior payment of the taxes, the non-payment of which resulted in the sale, (b) the illegal levy thereof by the city or town or (c) any defect in the proceedings affecting jurisdiction upon constitutional grounds, if application is made to a court of competent jurisdiction within five years from the expiration of the period allowed by law for the redemption of lands sold at the particular sale sought to be cancelled."

Contrasted with provisions of section 1020 of the Real Property Tax Law is the corollary presumption contained in section 10 of the Onondaga County Tax Act, applicable in the instant case, which provides in pertinent part as follows: "Every such conveyance [tax deed] shall be conclusive evidence that the sale was regular, and also presumptive evidence that all the proceedings prior and subsequent to such sale, from and including the assessment of the lands, and all notices required by law to be given, published or served, previous to the expiration of the time allowed for redemption, were regular, and regularly given, published and served * * * After the date of the recording of any such deed, such presumption shall be conclusive, the sale and conveyance thereof shall become absolute, and the occupant and all others interested in the land be forever barred from all liens upon, claims against, interest in or right or title thereto."

As is readily apparent, section 1020 of the Real Property Tax Law embodies self-contained time limitations for assertion of challenge to a tax deed's validity based upon varying grounds of attack. No such self-contained time limitation proscription is specified in the comparable presumption provision contained in section 10 of the Onondaga County Tax Act, nor in any other section thereof. The courts in *Werking* and *Kiamesha,* therefore, in their consideration of the controlling statutory provision of section 1020 of the Real Property Tax Law, necessarily gave cognizance to the time limitations therein provided, in which cases the applicability of the two-year limitation period was there determined.

In the case at bar, under section 14 of the Onondaga County Tax Act (as renumbered section 16 by chapter 432 of the Laws of 1939), article 6 of the former Tax Law was specifically excluded and made inapplicable to the County of Onondaga in

its tax sale proceedings. It therefore becomes significant that the provisions contained in section 1020 of the Real Property Tax Law embody sections 131 and 132 of the former Tax Law, which sections were in article 6 thereof. By virtue of the exclusionary provision of section 14 of the Onondaga County Tax Act, as amended, the time limitation provisions of present section 1020 of the Real Property Tax Law are here inapplicable. The Onondaga County Tax Act contains no other specific limitation of time within which an action might be brought to attack the validity of a tax deed pursuant to that Act. Therefore, CPLR 213, which provides that an action for which no limitation is specifically prescribed by law must be commenced within six years from the date of accrual, is applicable as Special Term held. Here defendant Perkins' challenge, as embodied in her proposed affirmative defense and counterclaim was therefore timely, it being within six years of the recording date of the challenged deeds, the first of which was March 18, 1969. We also observed that *First Tower Corp. v French* (45 AD2d 147, *supra),* is not inapposite to our determination here made by virtue of the qualifying language therein used and the facts of that case.

As previously observed, we are in accord with the rationale as expressed by Special Term in awarding summary judgment to defendant Perkins, premised upon the absence of the Commissioner of Finance's authority on December 14, 1967 to transfer to plaintiff's predecessor in title the tax certificate for the subject property by virtue of the two-year limiting time provision for the exercise of such authority, as provided in section 6 of the Onondaga County Tax Act as it existed in 1965 (L 1949, ch 843), the date of the tax sale under consideration herein, rendering the ensuing tax deeds subject to challenge and timely asserted by defendant Perkins' cross motion for summary judgment. Plaintiff's other contentions raised on this appeal, addressed to this aspect of Special Term's determination, have been considered and found without merit.

The order should be affirmed.

MOULE, J.P., CARDAMONE, GOLDMAN and WITMER, JJ., concur.

Order unanimously affirmed, with costs.